JOHN O. YOUNG *vs*. TRAVELERS INSURANCE COMPANY.

Penobscot.    Opinion March 8, 1888.

*Accident Insurance. Disability. Proof of loss.*

A policy of insurance against accidents provided that " if the insured shall sustain bodily injuries, . . . which shall, independently of all other causes, immediately and wholly disable and prevent him from the prosecution of any and every kind of business pertaining to the occupation under which he is insured," certain indemnity should be paid him. *Held*, that to entitle the insured to recover that indemnity he was not required to prove that his injury disabled him to such an extent, that he had no physical ability to do anything in the prosecution of his business, but that it was sufficient, if he satisfied the jury, that his injury was of such a character and to such an extent that he was not able to do all the substantial acts necessary to be done in the prosecution of his business.

When an agent of an insurance company, upon receiving notice of a claim for indemnity, undertakes to make out the proof of loss and therein misstates the date of the accident, the company cannot take advantage of that misstatement, if the proof is signed by the insured without any improper motive and by the advice of the agent.

The court in such a case may properly refuse to give a requested instruction that the plaintiff has never furnished the defendant a claim for indemnity, such as is contemplated by the policy.

ON exceptions, and on motion to set aside the verdict, by the defendant.

The opinion states the case.

*Charles P. Stetson*, for the plaintiff, cited : May, Insurance, § § 172, 174, 175, 522, 143, 468, 465 ; *Turley* v. *No. Am. F. Ins. Co.* 25 Wend. 374 ; *No. Am. Accident Ins. Co.* v. *Crandal*, 120 U. S. 527 ; *Sawyer* v. *U. S. Casualty Co.* 8 Law Reg. N. S. 233 ; *Hooper* v. *Accidental Death Ins. Co.* 5 Hurlst & N. 546 ; *Lyon* v. *Railway Passenger Ass. Co.* 46 Iowa, 633 ; *Union Mut. L. Ins. Co.* v. *Wilkinson*, 13 Wall. 222 ; *Lewis* v. *Monmouth Mut. F. Ins. Co.* 52 Maine, 493 ; *Malleable Iron Works* v. *Phœnix Ins. Co.* 25 Conn. 465.

*F. H. Appleton and H. R. Chaplin*, for defendant.

Coincident with "total loss of time ;" and in conjunction therewith must also exist "total disability ;" a disability, "which shall, independently · of all other causes but the accident itself, immediately and wholly disable and prevent the insured from the prosecution of any and every kind of business pertaining to the occupation under which he is insured." The language of the contract, into which the defendant company and the plaintiff entered, and under which he claims, if it means anything, means total disability, or as Judge GRAY terms it in *Accidental Ins. Co.* v. *Crandal*, 120 U. S. 527, "a complete disability to do business."

We are sustained by the decision of the Supreme Court of Iowa, in *Lyon* v. *The Railway Passenger Ass. Co.* 46 Iowa, 631. The only case in the country, where this feature of an accident policy has been judicially construed.

In *Ryan* v. *World Life Ins. Co.* 41 Conn. 173, a case involving the identical question under consideration, the courts say, " The aid of the assured either as an accomplice or as an instrument, was essential. If he was an instrument, he was so because of his negligence, and that is equally a bar to his right to recover. He says he signed the proof without reading it or knowing its contents. That of itself is inexcusable negligence. The application contained his agreements and representations in an important contract. When he signed it he was bound to know what he signed. The law requires that the insured shall not only in good faith answer all the interrogatories correctly, but shall use reasonable diligence to see that the answers are correctly written.

The case of *Hooper* v. *The Accidental Death Ins. Co.* 5 H. & N. 545, cited by plaintiff, does not militate against our views. Indeed the dicta of WILDE B. and POLLOCK C. B., while they emphasize the difference in the language of that policy and ours, go far also to sustain our interpretation of the contract.

The case of *Sawyer* v. *U. S. Casualty Co.* cited by plaintiff is not in point. There the policy provided "If the insured shall sustain any personal injury which absolutely and wholly disable him from the prosecution of his usual employment."

LIBBEY, J. The plaintiff seeks to recover on an accident insurance policy issued to him by the ·defendant corporation. The main questions involved are : 1. Whether the plaintiff by the accident to him was wholly disabled and prevented from the prosecution of any and every kind of business pertaining to the occupation under which he was insured.

2. Whether he gave the notice and furnished the proof required by the policy to give him a right of action.

The language of the policy upon which the first question arises is as follows : If the insured, "at any time within the continuance of this policy, shall have sustained bodily injuries, affected through external, violent, and accidental means, within the intent and meaning of this contract and the conditions hereunto annexed and such injuries alone shall have occasioned death within 'ninety days from the happening thereof ; or, if the insured shall sustain bodily injuries, by means as aforesaid, which shall, independently of all other causes, immediately and wholly disable and prevent him from the prosecution of any and every kind of business pertaining to the occupation under which he is insured, then, on satisfactory proof of such injuries, he shall be indemnified against loss of time thereby, in a sum not exceeding twenty-five dollars per week, for such period of continuous total disability as shall immediately follow the accident and injuries as aforesaid not exceeding, however, twenty-six consecutive weeks from the time of the happening of such accident."

The occupation under which the plaintiff was insured was that of a billiard saloon keeper. The contention between the parties is, whether to maintain his action it is incumbent upon the plaintiff to prove that the injuries he sustained by the accident wholly disabled him from the doing of any and every kind of act necessary to be done in the prosecution of his business, or it is sufficient if he proves that the injury received from the accident wholly disabled him from the doing of all substantial and material acts necessary to be done in the prosecution of his business. The plaintiff admitted that he could do some acts necessary to be done in the business of billiard saloon keeper but claimed and introduced evidence tending to prove that he was wholly disabled

from doing many of the material acts necessary to be done in in that business.

Upon this point the presiding justice instructed the jury as follows: "Now the reasonable construction which must be put upon the language here used is, that it must have meant that if the plaintiff was so disabled as to be incapable of doing any and every kind of business pertaining to his occupation as a billiard saloon keeper, then he would be wholly disabled from the prosecution of every kind of business pertaining to such occupation and entitled to the stipulated compensation. Otherwise, if he was not so disabled he would not be entitled; and therefore, gentlemen, I instruct you as matter of law that the meaning of the language here used is, not that he must be so disabled as to prevent him from doing anything whatsoever pertaining to his occupation, or any part of his business pertaining to his occupation as billiard saloon keeper; but that he must be so disabled as to prevent him from doing any and every kind of business pertaining to his occupation. There may be a difference between being able to perform any part of his business and any and every kind of business pertaining to his occupation."

We think that there is no error in this instruction. A contract of insurance is to receive a reasonable construction so as to effectuate the purpose for which it was made. In cases of doubt it is to be liberally construed in favor of the insured that in all proper cases he may receive the indemnity contracted for. At the same time legal effect should be given to all the language used, for the purpose of guarding the company against fraud and imposture. The object to be accomplished by this contract was, indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy. He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution. If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was able to do and perform one only, he was as

effectually disabled from performing his business as if he could do nothing required to be done, and while remaining in that condition he would suffer loss of time in the business of his occupation.

Suppose a barber, who can use his razor and shears in his right hand only, but can use his left to wipe his customer's face, comb and dress his hair and receive pay and make change, by an accident is wholly deprived of the use of his right hand so that he can neither shave his customer nor cut his hair ; can it be said that he is not wholly disabled from the prosecution of his business as a barber? An accident policy which would not afford indemnity in such a case would be a delusion and a snare. This construction is sustained by May on Insurance, § 522 ; *Hooper* v. *Accidental Death Ins. Co.* 5 H. & N. 545. Affirmed in Exch. Ch. 6 H. & N. 839.

We think the presiding justice might have gone farther in the construction of this clause of the policy, and instructed the jury that to entitle the plaintiff to recover, he was not required to prove that his injury disabled him to such an extent that he had no physical ability to do what was necessary to be done in the prosecution of his business, but that it was sufficient if he satisfied them that his injury was of such a character and to such an extent that common care and prudence required him to desist from his labors and rest so long as it was reasonably necessary to effectuate a speedy cure — so that a competent and skillful physician called to treat him would direct him so to do. It is the duty of the insured towards the insurer to use all due care and pursue the proper course to effect a cure so that the loss of time for which he is to receive indemnity may be no greater than is reasonably necessary.

Upon the second question the policy provides that, "In the event of any accidental injury for which claim may be made under this policy, immediate notice shall be given in writing, addressed to the secretary of this company, at Hartford, Connecticut, stating the full name, occupation and address of the insured with full particulars of the accident and injury ;" and

that proof of total disability shall be furnished to the company within seven months of the happening of such accident.

The accident to the plaintiff occurred on the 2nd day of May, 1885. The plaintiff's application for his insurance was taken by one, Parks, and the policy procured and delivered by him, and the plaintiff claimed that he was acting as the agent of the defendants at Bangor, where the plaintiff lived and was in fact their agent from that time till after his injury. Immediately after the accident the plaintiff claimed that he gave Parks verbal notice of the accident and injury which he had received and that Parks undertook to make out the necessary notice and proof required by the policy and did make such notice and proof which were duly executed by him but from some cause it did not reach the company, that Parks so informed him afterwards and undertook to make and did make new notice and proof of disability which were executed by the plaintiff and duly forwarded to the company. In the second notice, as the plaintiff claims, the date of the accident was stated to be the 25th of June, 1885, instead of the 2nd of May, 1885, by advice of Parks, Parks stating to him the reason therefor. It is not claimed that either the plaintiff or Parks had any improper motive in misstating the date of the accident. It is claimed by the defendant that the notice so given was insufficient under the policy and gives to the plaintiff no right of action. Its introduction in evidence was objected to and exception taken to its admission. The plaintiff claims that the notice was good on two grounds. First, that it was made out by Parks, the defendant's agent or by his direction, and if it is defective by misstatement of the date of the accident the defendant cannot take advantage of it. Second, that a misstatement of the date of the accident with no improper motive does not render the notice insufficient.

We see no error in the admission of the notice and proof of disability in evidence. If it can be sustained only on the ground that it was made out by Parks, it was incumbent upon the plaintiff to prove Park's agency. It is well settled that, if Parks was the agent of the company and the notice and proofs were

made by him or under his direction with no fault on the part of the plaintiff, the company can not take advantage of the error in date. *Insurance Co.* v. *Wilkinson,* 13 Wall. 222; *Insurance Co.* v. *Mahone,* 21 Wall. 152; *Miller* v. *Phœnix M. L. Ins. Co.* N. Y. Court of Appeals, not yet reported, Cen. Rep. Vol. X, 38, and cases there cited.

But upon the question of agency defendant requested the court, to instruct the jury, "that the burden of proof was upon the plaintiff to show that W. S. Parks was the agent of the Traveller's Insurance Company, and authorized to bind company in the alleged transaction between himself and the plaintiff relating to this policy and the claim of indemnity thereunder."

This request was not given in its precise terms. But the court gave to the jury full, clear and accurate instructions upon this branch of the case. Where the court gives to the jury full and accurate instructions upon any point involved in a case, it is sufficient and it is not required to repeat the instruction in the precise language of the request.

But we do not think the date of the accident so material that an honest misstatement of it in the notice is fatal. The policy does not in terms require a statement of the date. It is not of the essence of the contract. A misstatement of it in the declaration in the plaintiff's writ, would not prevent him from proving the true date. The defendant was in no way misled or prejudiced by it. May on Insurance, § 465; *Tripp* v. *Lyman,* 37 Maine, 250.

The request that the court instruct the jury, "That the plaintiff has never furnished to the defendant company a claim for indemnity such as is contemplated by the policy," was properly refused for the reasons above stated.

*Exceptions and motion overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.