# WORKINGMEN'S MUTUAL PROTECTIVE ASSOCIATION *v.* ROOS.

[No. 9,117.   Filed October 13, 1916.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Alleged error in overruling the demurrer to the complaint is waived where appellant's brief fails to address any point or proposition thereto.   p. 19.

2. INSURANCE.—*Accident Insurance.—Total Disability.*—Where an accident insurance policy provided for the payment of total disability benefits in case the assured should suffer injury which should, from the date of the accident, disable him and prevent him from performing every duty pertaining to any and every kind of business or occupation, and if such injuries wholly and continuously from date of accident should disable and prevent the assured from performing one or more important duties pertaining to his occupation, or in event of like disability immediately following total loss of time, partial disability benefits should be paid, the words "total loss of time" in the provision concerning partial disability, when read in connection with the stipulation in reference to total disability, make it clear that the assured would not be entitled to recover for total disability except in event of total loss of time, during which he was prevented from performing every duty pertaining to any and every kind of business.   p. 20.

3. APPEAL.—*Review.—Erroneous Instruction.—Presumption.*—In an action to recover benefits on an accident insurance policy, an instruction that, if a person was so disabled that he was disqualified and rendered unable to perform substantially and in a reasonable way his usual and ordinary work and vocation, he was totally disabled, was, in view of the stipulations in the policy, incorrect, and will be presumed to have been harmful.   p. 25.

4. APPEAL.—*Excessive Verdict.—Erroneous Instruction.—Cure by Remittitur.*—Where, in an action on an accident insurance policy, defendant made no contention that plaintiff was not partially disabled so as to bring them within the stipulation of the policy in respect thereto, an instruction, which erroneously defined the insurer's liability under the total disability provision contained in the policy, could not have been prejudiced to defendant's rights except to the extent that the verdict exceeded what it would have been had the recovery been for partial disability and will be cured by a remittitur of such amount.　p. 26.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by Leo Roos against the Workingmen's Mutual Protective Association.　From a judgment for plaintiff, the defendant appeals.　*Affirmed conditionally.*

*Teegarden & Kimball* and *Long, Yarlett & Souder,* for appellant.

*Walter Vermillion,* for appellee.

MORAN, J.—Appellee recovered of appellant the sum of $75 upon an insurance policy indemnifying him against loss by accident or sickness for an injury, which he alleged was sustained by him during the life of the policy.　A review of the judgment is sought upon errors assigned: (1) in overruling appellant's demurrer to appellee's complaint, and (2) in overruling appellant's motion for a new trial.

The first error assigned is waived, as no point or proposition in appellant's brief is addressed to the overruling of the demurrer to the complaint.　*Mutual Life Ins. Co. v. Finkelstein* (1914), 58 Ind. App. 27, 107 N. E. 557; *Dunton v. Howell* (1915), 60 Ind. App. 183, 109 N. E. 418.　Therefore, nothing further need be said in reference to the complaint than that it is in the usual form of an action of this character, with a copy of the policy of insurance made a part thereof.

Within the specification that the court erred in overruling appellant's motion for a new trial, the correctness of the instructions given by the court of its own motion to the jury and the refusal to give certain instructions re-

quested by appellant, together with the sufficiency of the evidence to sustain the verdict of the jury are presented for consideration; the main objection being that, under the stipulations of the policy and the evidence in the cause, the court erred in instructing the jury as to what constituted total disability, and, by reason thereof, a recovery was had for total disability of appellee when he was not entitled to recover on this theory.

By the provisions of the policy, appellee was indemnified against the effect of bodily injuries caused directly, solely, and independently of all causes by external, violent and accidental means, and, if such injuries from the date of the accident disabled and prevented the assured from performing every duty pertaining to any and every kind of business or occupation, the association was to pay for such total disability for a period not to exceed twenty-four consecutive months at the rate of $50 per month; and if such injuries wholly and continuously from date of accident disabled and prevented the assured from performing one or more important duties pertaining to his occupation, or in the event of like disability immediately following total loss of time, the insured was to be paid $25 per month for the period of such partial disability, not to exceed six consecutive months. And further, in the event of injury or loss, fatal or otherwise, of which there were no external and visible wound or contusion on the exterior of the body, or injury, fatal or otherwise, due wholly or in part, directly or indirectly, to disease or bodily infirmity, or in the event of disability, or death, due to either accident or illness where the loss was occasioned or contributed to in any way by tuberculosis, rheumatism, paralysis, the limit of the association's liability was not to exceed one month's indemnity as provided for total disability; and that indemnity should not accrue in excess of the time the assured was by reason of the injury under the professional care and regular attendance of a legal qualified physician and surgeon.

There is evidence in the record disclosing that about the hour of 9:30 p. m. on the evening of October 5, 1913, the assured entered his real estate office located in the city of Anderson, Indiana, while the office was very dark, and, while attempting to turn on the electric lights, he struck his head violently against the corner of a high desk that stood in the room, from the effects of which he fell to the floor. The injury he received was painful and caused dizziness. The part of the head that came in contact with the desk became swollen and left a blue mark about the size of a quarter, and to relieve the pain hot applications were applied shortly thereafter; that on either the next or the second day after he received the injury he consulted a physician, who treated him continuously until December 5, 1913. The injury caused paralysis of the side of the face, so that he could not close his eye, and it interfered with his speech; likewise his rest was considerably impaired for more than a month after receiving the injury. The physician gave him electrical treatments for the fifth nerve at the side of the temple over the parietal region of the head. There is a conflict in the evidence as to whether he was able to perform any service during the period of time for which a recovery was sought. The assured testified that he was unable to transact any business during this period of time; while other witnesses testified that they saw him going about and attending in part, at least, to his real estate business. With the record disclosing the foregoing as to the nature of the injury and appellee's condition physically, the court, in construing the policy in reference to total and partial disability, informed the jury that if appellee was injured as alleged in the complaint, and by reason thereof he was immediately thereafter disabled from performing his usual vocation for any period of the time mentioned in the complaint, then for such time as he was totally disabled, he would be entitled to recover $50 per month; and if, on account of the injury, he was immediately thereafter par-

tially disabled from performing his usual vocation to the extent of being unable to perform one or more of his duties during any part of the time mentioned in the complaint, then for such portion of the time, he would be entitled to recover $25 per month. "Total disability," as used in the policy, the jury was informed is such disability as disqualified appellee from performing his usual regular work and vocation; and that if a person was so disabled that he was disqualified and rendered unable to perform substantially and in a reasonable way his usual and ordinary work and vocation, then he was totally disabled within the meaning of the language used in the policy, even though he might be able to perform some of the minor and less important portions of such service or vocation; and, on the other hand, if his disability was such as not to render him incapable of performing the major and more important portions of his work and vocation, he was not totally disabled within the meaning of the language used in the policy.

As to what, under the law, constitutes total disability in an accident insurance policy has been before the courts for consideration upon numerous occasions, and, as disclosed by the decisions, the language covering such stipulation varies in form. In many of the decisions, the language is substantially to the effect that should the assured be disabled from prosecuting his usual employment, or from prosecuting any and every kind of business pertaining to his occupation, he would be entitled to the indemnity; and under such language or language similar in effect, Cooley, in his brief on the Law of Insurance (Vol. 4, p. 3290), after reviewing the decisions generally, says: "It must not, however, be inferred that to constitute total disability the insured must be unable to perform each and every act and duty connected with his occupation. On the contrary, the weight of authority supports the rule that even under the clause providing for indemnity for disability preventing the insured from prosecuting any and every kind of business pertain-

ing to his occupation, it is sufficient if insured is disabled from performing the substantial and material acts connected with such occupation." While the courts are not in complete accord on this subject, the weight of authority, as was said, supports the doctrine thus announced. *Young* v. *Travelers Ins. Co.* (1888), 80 Me. 244, 13 Atl. 896; *Hohn* v. *Interstate Casualty Co.* (1897), 115 Mich. 79, 72 N. W. 1105; *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77; Kerr, Insurance 385, 386; *Commercial Travelers* v. *Barnes* (1905), 72 Kan. 293, 80 Pac. 1020, 82 Pac. 1099, 7 Ann. Cas. 814, and note 815.

The courts are, however, practically a unit in declaring that stipulations in reference to total disability, irrespective of the technical variance in the language employed, should be given a rational and practical construction; that the term "total disability" is a relative term, depending in a measure upon the character of the employment and capabilities of the person injured as well as of the circumstances of each particular case, and is usually a question of fact to be determined by the court or jury trying the cause. Fuller, Accident and Employers' Liability Ins. 296; *Indiana Life, etc., Co.* v. *Reed, supra; Industrial Mutual, etc., Co.* v. *Hawkins* (1910), 94 Ark. 417, 127 S. W. 457, 29 L. R. A. (N. S.) 635, 21 Ann. Cas. 1029, and note page 1031.

In the case of *Hooper* v. *Insurance Co.* (1860), 5 Hurl. & N. 546, apparently one of the leading English cases on the subject of accident insurance, the court, in construing a stipulation that provided that the assured should recover a certain sum per week in case he receive by accident a bodily injury "of so serious a nature as wholly to disable him from following his usual business," that he could recover indemnity for an injury that confined him to his room, although during such time he was able to receive his clients, being a solicitor.

In *Young* v. *Travelers Ins. Co., supra,* the Supreme Court of Maine said, in construing an accident insurance policy:

"A contract of insurance is to receive a reasonable construction so as to effectuate the purpose for which it was made. In case of doubt it is to be liberally construed in favor of the insured that in all proper cases he may receive the indemnity contracted for."

It was held in the case of *Commercial Travelers, etc., Assn.* v. *Springsteen* (1899), 23 Ind. App. 657, 55 N. E. 973, that there was no error in refusing to give an instruction to the effect that, in order to recover, appellee's injury must have been such as to wholly disable him from performing any and every kind of business pertaining to his occupation as manager of the When Clothing Store; and that there was no error in instructing the jury that, if the assured was disabled to the extent that he could not do any and all kinds of business pertaining to his occupation, he could recover. The stipulation in the policy in the Springsteen case was: " 'No claims of any character shall accrue upon this contract unless it arises from physical bodily injury, through external, violent and accidental means, while this contract is in force, and then only when the injury shall, independently of all other causes, immediately and wholly disable the insured from performing any and every kind of business pertaining to his occupation  *  *  *.' "

The *Commercial Travelers, etc., Assn.* case, *supra,* was followed in *Pacific Mutual Life Ins. Co.* v. *Branham* (1904), 34 Ind. App. 243, 70 N. E. 174, and the principle announced in each of these decisions finds support in *Indiana Life, etc., Co.* v. *Reed, supra,* which latter case provides, among other things, that a fair and reasonable construction should be given to all the language employed in the policy, and, in doing so, consideration should be given the situation of the parties when the policy was issued, and to ascertain the meaning upon which the minds of the contracting parties may have met.

But in the case at bar we have a policy providing for a partial as well as total indemnity, and, as we have seen, the

stipulation in reference to total disability is that, if the injuries "shall from the date of the accident disable and prevent the assured from performing every duty pertaining to any and every kind of business or occupation, the association will pay for such total disability." And as to partial disability, it is provided that: "If such injuries shall wholly and continuously from date of accident disable and prevent the assured from performing one or more important duties pertaining to his occupation, or, in the event of like disability immediately following total loss of time, the association will pay the assured for the period of such partial disability." In this latter stipulation, the words "total loss of time," when read in connection with the stipulation in reference to total disability, make it clear and free from doubt that the assured would not be entitled to recover for total disability except in the event of a total loss of time, as he must have been prevented from performing every duty pertaining to any and every kind of business or occupation. Our attention has not been called to, nor has our research been rewarded by, the finding of a decision construing language of the import found in the policy under consideration as to the right to recover for total disability when followed in the stipulation as to partial disability by language indicating that a total loss of time was necessary in order for the insured to recover for total disability.

If the conclusion thus far reached is correct, then the instruction of the court, which informed the jury that, if a person was so disabled that he was disqualified and rendered unable to perform substantially and in a reasonable way his usual and ordinary work and vocation, he was totally disabled within the meaning of the language used in the policy, is incorrect, and under the circumstances will be presumed to have been harmful. *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238.

In *Fidelity and Casualty Co.* v. *Getzendanner* (1900), 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326, in construing a stipulation in an accident insurance policy that, if the injury should "wholly disable and prevent the assured from performing any and every kind of duty pertaining to his occupation, the company" should pay the assured the weekly indemnity. An instruction was held erroneous that authorized a recovery if the assured was unable to transact his business "in a manner reasonably as effective as the same would have been performed if the injury had not been sustained." However, as to whether the instruction under consideration would be erroneous under a policy that employed language less favorable to the insurer, or, in other words, similar to the language employed in the policy referred to in the case last mentioned or in the cases of *Hooper* v. *Insurance Co., supra,* and *Commercial Travelers, etc., Assn.* v. *Springsteen, supra,* we are not called upon to decide in view of the conclusion reached.

There is no contention on the part of appellant that appellee was not partially disabled so as to bring him within the stipulation of the policy in this respect from October 5 to December 5, 1913, which would entitle him to recover the sum of $50. The erroneous instruction given could not have been prejudicial to appellant's rights, except to the extent that the verdict, which was for the sum of $75, exceeds what it would have been had the recovery been for partial disability only.

Therefore, if within thirty days from the date hereof, appellee enters a remittitur of the judgment in the sum of $25, the judgment will be affirmed; otherwise, it is reversed, with instructions to the trial court to grant appellant a new trial, and for further proceedings in accordance with this opinion. In the event there is a remittitur, as aforesaid, one-third of the costs made in this court will be taxed against appellee and the two-thirds against appellant.

NOTE.—Reported in 113 N. E. 760. Total disability, what constitutes under accident insurance policy, 38 L. R. A. 529; 23 L. R. A. .(N. S.) 352; 29 L. R. A. (N. S.) 635; 34 L. R. A. (N. S.) 126; 21 Ann. Cas. 1031. See under (2) 1 C. J. 462, 465; 1 Cyc 269, 272; (3, 4) 3 Cyc 436.