AMERICAN LIABILITY COMPANY *v.* BOWMAN.

[No. 9,139.  Filed January 30, 1917.  Rehearing denied June 22, 1917.]

1. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*— Insurance contracts providing indemnity for disability or death of the insured which are prepared by the company and are ambiguous, or reasonably subject to conflicting interpretations, are strictly construed against the company and are given such reasonable and liberal construction as will effectuate the purpose of the parties and sustain the object of entering into the contract, where it can be done without doing violence to the language employed. p. 118.

2. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*— In construing insurance contracts, the courts give a fair and reasonable construction to the language employed, and in so doing consider the relation and situation of the parties when the contract was made, and from such considerations ascertain the meaning upon which the minds of the contracting parties may reasonably be said to have met. p. 118.

3. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*— *Attempt of Insured to Work.*—*Total Disability Benefits.*—Under an accident insurance policy providing for the payment of indemnity for total disability resulting from accidental causes during the period that the insured was totally and continuously from the date of the accident disabled and prevented from per-

forming every duty pertaining to any business or occupation, as a necessary result of the injuries received, an injured workman may recover for total disability for the entire period he was, in fact, totally disabled, though during part of such period, a few days after his injury, he returned to work for a short time when his condition was such that he could perform only part of his duties and might reasonably have been warranted in not attempting to do any work, since a construction of the policy which would defeat a recovery because the insured made a good-faith effort to perform the duties of his usual employment would tend to encourage fraud against the company, and to discourage fairness and efforts to return to work as soon as possible after an injury. pp. 119, 121.

4. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*—*Total Disability.*—*Question of Fact.*—The phrase "total disability," as used in accident insurance policies, should be given a rational and practical construction, and is a relative term, depending in a measure upon the nature of the employment, the capabilities of the injured person, and the circumstances of each case, and is usually a question of fact to be determined by the court or jury. p. 120.

5. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*—*Total Disability.*—*Attempt to Work.*—Where a party is shown to be in fact totally disabled for the entire period for which compensation is sought under an accident insurance policy, it cannot be said as a matter of law that he was not so disabled because during a portion of such time he made a good-faith, though ineffectual effort, to perform the duties of his usual employment. p. 120.

6. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*—*Total Disability.*—*Refusal to Work.*—One insured under an accident insurance policy cannot recover for total disability where he failed or refused to work when he had an opportunity to do so, if he was at the time reasonably able to perform such work. p. 120.

7. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*—*Total Disability.*—Provisions of an accident insurance policy for total disability indemnity should be liberally and fairly construed so as to give the insured the indemnity which he contracted to obtain, and at the same time to guard the company against fraud or imposition. p. 121.

8. INSURANCE.—*Accident Insurance.*—*Construction of Policy.*—*Exceptions.*—An accident insurance policy providing for indemnity in case of total disability resulting from accident, but in a subsequent clause limiting the insurer's liability to four weeks' indemnity "in the event of disability due to accident or

illness, wholly or in part caused by or resulting directly or indirectly in or complicated with" neuritis, does not limit the company's liability for total disability indemnity, though during the same period neuritis developed from the injury, where it appears that insured was continuously and totally disabled by the original injury independent of any other cause. p. 122.

9. APPEAL.—*Review.*—*Harmless Error.*—*Immaterial Conclusions of Law.*—In an action to recover total disability indemnity under an accident insurance policy, a conclusion of law that insured's right to recover for disability suffered subsequently to the commencement of the action was not ·an issue, while not essential to the judgment for plaintiff, would not of itself be cause for reversal. p. 125.

10. APPEAL.—*Review.*—*Harmless Error.*—*Findings of Fact.*— *Immaterial Errors.*—In an action on an accident insurance policy to recover total disability benefits, findings of fact that insured was removed to his home in a vehicle after the accident, when the evidence showed that he walked, and incorrectly fixing the date when the insured became afflicted with neuritis, are not harmful to the insurer, where the inaccuracies could in no way affect the ultimate fact of total disability found by the court. p. 125.

11. TRIAL.—*Findings of Facts.*—*Ultimate and Evidentiary Facts.* —Ultimate issuable facts are proper in special findings and they must control the conclusions of law drawn from the facts, since evidentiary facts, though specially found, are improper and unauthorized. p. 126.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by Linies E. Bowman against the American Liability Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Kittenger & Diven,* for appellant.

*Albert H. Vestal,* for appellee.

FELT, C. J.—On July 12, 1913, appellee began this suit against appellant on a health and accident insurance policy. The issues were formed by a complaint in one paragraph answered by a general denial. A trial by the court resulted in a judgment for appellee in the sum of $240, from which this appeal was taken. Appellant has assigned as error the overruling of its

motion for a new trial and separate error on each of the five conclusions of law stated upon the special finding of facts duly made by the court.

The complaint, in substance, charges that on September 7, 1910, appellee applied for and obtained a policy in appellant company, whereby it promised, in the event of bodily injury resulting through external, violent and accidental means, to pay appellee forty dollars per month, so long as he should be prevented from performing his ordinary business by reason of such injuries; that he complied with all the provisions of the policy so issued to him, and on November 17, 1912, while the policy was in force, he received a personal injury which was caused by the slipping of a ladder on which he was working, whereby he was thrown ten feet to and upon a cement floor, causing an injury to his back, side and spine; that by reason of such injuries he was prevented from following his occupation or attending to any work or business continuously from December 27, 1912, and still is totally disabled and prevented from performing any duty pertaining to any business or occupation; that due proof of his disability for the period of six months was furnished appellant and payment was refused. The policy is made a part of the complaint as "Exhibit A" and it is averred that there is due thereon the sum of $280 for which judgment is demanded.

The finding of facts follows the averments of the complaint and, omitting uncontroverted statements, is in substance as follows: On September 7, 1910, appellee was an able-bodied man in good health, and in sound physical condition and on that day appellant issued to him a health and accident policy, the substance of which, as far as material here, is as follows:

The policy to be in force until 12 o'clock noon of October 1, 1910, "and for such further periods as the premium paid will maintain this policy in force. * * *

"Total Accident Disability.

"A. At the rate of forty dollars per month, for the period, not exceeding twenty-four consecutive months, that the assured, is totally and continuously from the date of accident disabled and prevented from performing every duty pertaining to any business or occupation, as a necessary result, independent of all other causes, of bodily injuries effected through external, violent and accidental means. * * *

"Illness Indemnity.

"E. At the rate of forty dollars per month for the number of consecutive days (deducting the first week unless continuing twenty-eight consecutive days) that the assured is strictly and continuously confined within the house and therein regularly visited and treated by a legally qualified physician and necessarily totally disabled, by reason of illness having its cause and beginning after this policy has been maintained in continuous force for thirty days; and if, during convalescence following said house confinement, the assured shall be necessarily and continuously disabled from performing every duty pertaining to any business or occupation, and require and receive the regular attendance of such physician, the company will pay him indemnity at one-half of said rate for the period of such convalescence not exceeding four weeks. * * *

"Miscellaneous Provisions. * * *

"2. In the event of disability, due to either accident or illness, wholly or in part caused by or resulting directly or indirectly in or complicated with tuberculosis, rheumatism, paralysis, apoplexy, orchitis, neuritis, locomotor ataxia, lumbago, lame back, strains, sciatica, vaccination, Bright's disease, cancer, dementia, hernia, insanity, or in the event of any accidental injury otherwise covered by this policy resulting in hernia, terminating fatally or otherwise, then in all such cases referred to in this paragraph, the only liability of the company shall be indemnity for a period of disability

not exceeding four weeks in any one policy year, anything herein to the contrary notwithstanding. * * *

"6. The company may cancel this policy at any time, without prejudice to the rights of the assured as to any claim then pending, by written notice of cancellation served upon the assured or mailed to the assured at the address herein given, together with the company's check for the unearned portion, if any, of the premium paid.

"7. Indemnity will not accrue hereunder in excess of the time the assured is, by reason of injury or illness, under the professional care and regular attendance of a legally qualified physician or surgeon. If the assured is disabled by injury or illness for more than thirty days, he or his relatives shall as a condition precedent to recovery hereunder, furnish the company every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the assured and the probable duration of the disability. * * *

"9. This policy with the schedule of warranties endorsed hereon, contains the entire contract between the parties hereto, and no agent has authority to change it or waive any of the provisions.

"2. That on the reverse side of said policy, in written and printed matter, under the head and title of 'Schedule of warranties,' was endorsed the following language:

"Schedule of Warranties.

"By accepting this policy the assured agrees that each statement in this schedule is material, and warrants each to be true. * * *

"I agree to pay a monthly premium of One and 20/100 Dollars in advance without notice or demand."

The court also found that from the issuance of said policy appellee promptly paid all dues and premiums on same up to and including June 7, 1913; that on November 17, 1912, while working at his usual employment,

the ladder on which appellee was standing slipped and threw him to the floor and injured his right side and hip and his back in the region of the crest of the ilium, which injury was accompanied by an external visible bruise and discoloration; that he was thereby totally disabled, immediately after receiving such injury and continuously for about four days; that immediately after receiving the injury appellee was removed to his home and on that day was visited and treated for said injuries in his home by a physician, and at the end of said four days he was still suffering from his injuries and returned to his work; that continuously thereafter, except on Sunday, until December 27, 1912, he went to his work "and attempted to perform his duties under his employment and did perform a great part of said duties; but that his performance of said duties was with great pain and suffering, and there was a considerable portion of said duties he was unable to perform and required the assistance of another man in performing the services, which he, had it not been for said injury, would have been able to perform himself, and did perform himself prior to the receiving of such injury." That on December 27, 1912, the suffering from said injuries became so severe that he was unable to perform any labor, and from that date continuously to the present time—the case was tried in June, 1914—has been wholly and totally disabled from performing manual labor, or pursuing his avocation, or performing any of the duties of his employment, and has been continuously under the care and treatment of a regularly licensed physician; that said injury was entirely received from external, violent and accidental causes, and appellee's disability aforesaid was directly and immediately caused by such injury; that on January 16, 1913, said injury produced neuritis from which

appellee has continuously suffered, and by reason of which he has been entirely and totally disabled from performing manual labor as aforesaid, and rendered wholly unable to perform any part of his usual work or to earn any money by his labor; that said neuritis is not an independent disease, but is coupled with and the result of said injury and was wholly caused thereby. The court also finds that on January 7, 1913, appellee notified appellant in writing of said injury, which notice was received by appellant; that later, at request of appellant, appellee sent to the company the statement of his attending physician and filled out the preliminary notice furnished him by appellant, all of which were received by appellant; that on February 21, 1913, appellant called for a second preliminary report, which was furnished it on March 1, 1913, and on March 3, and again on March 8, 1913, appellee sent to appellant another proof of injury made out by his physician, and at appellant's request sent other proofs of injury, and later on had further communications with appellant and sent additional preliminary reports made out by his physician, the details of which are found and set out by the trial court; that on April 1, 1913, appellant called for "Final proof of Illness," and on May 31, 1913, after further correspondence appellee made out proof of his injury and sent same to appellant, together with the statement of his physician on blanks provided by appellant; that on July 12, 1913, appellant notified appellee that after careful examination of his claim from the statements of himself and his physician the company had concluded his disability was due to neuritis, and the company's liability therefor was limited to four weeks in any one policy year, and that in payment thereof it enclosed draft payable to him for $30.66; that on July 29, 1913, appellee by his attorneys returned the draft

for $30.66 and also a check for $3.60 sent by appellant as a return of unearned premiums paid by appellee, and also notified appellant that its alleged reasons for refusing to pay full indemnity were unfounded and that suit had been commenced to recover the amount due appellee. The court also found that all the aforesaid disabilities of appellee are the necessary result, independent of all other causes, of the bodily injury aforesaid so received by appellee; that appellee had substantially complied with all the terms and conditions of the policy to be performed by him, and that appellant by its acts, conduct and dealings with appellee has waived all irregularities and technical omissions on his part required by the provisions of the policy issued to him.

On the foregoing finding of facts the court stated its conclusions of law as follows: "(1) The law is with appellee and he is entitled to recover $240. (2) That the notice of injury stated in the findings was accepted by appellant as notice under the terms of the policy and was furnished within reasonable time after receiving the injury within the meaning of the law applicable thereto. (3) That the provisions of sub-division two, under the heading 'Miscellaneous Provisions,' in said policy, does not preclude the plaintiff's right to recover on said policy, nor limit his right to recover to a period of four (4) weeks in any one policy year. (4) That the plaintiff is entitled to recover his costs in this action. (5) That the plaintiff's right to recover on account of the injury in suit, for disability suffered after the time of the commencement of this action, is in no way an issue in this cause, and is not in any way litigated, determined or adjudicated, nor the rights of either party affected or prejudiced.

"This, the 11th day of June, 1914.

"Chas. K. Bagot,

"Judge of the Madison Circuit Court."

Under points and authorities appellant contends that the findings show that appellee was not "totally and continuously from the date of accident disabled and prevented from performing every duty pertaining to any business or occupation" within the meaning of the provisions of his policy, and that the court erred in its conclusions of law, allowing him full indemnity for six months; that under paragraph No. 2 of "Miscellaneous Provisions" of the policy appellee was only liable for four weeks' indemnity, which was duly tendered him, and that the court therefore erred in its first and third conclusions of law; that the fifth conclusion of law is outside the issues. No point is made or urged against the second or fourth conclusions of law.

We limit our discussion to the points presented, and by them appellant concedes liability for four weeks' sickness and claims the benefit of its tender, but asserts that appellee is not entitled to recover for total disability for any period of time under the provisions of the policy and the facts found by the court.

1. Insurance contracts providing indemnity for disability or death of the insured, which are prepared by the company, and are ambiguous or reasonably subject to conflicting interpretations, are strictly construed against the company and are given such reasonable and liberal construction as will effectuate the purpose of the parties and sustain rather than defeat the object of entering into the contract, where it can be done without doing violence to the language employed. 2. In construing such contracts courts give to the language employed a fair and reasonable construction, and in so doing consider also the relation and situation of the parties when the contract was entered into, and from such considerations seek to ascertain the meaning or propositions upon which the minds of the contracting parties may reason-

ably be said to have met at that time. *Hay* v. *Meridian Life, etc., Co.* (1914), 57 Ind. App. 536, 545, 101 N. E. 651, 105 N. E. 919; *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 465, 103 N. E. 77, and cases cited; *Workingmen's Mutual, etc., Assn.* v. *Roos* (1916), 63 Ind. App. 18, 113 N. E. 760, and cases cited.

The facts found are amply sufficient to show total disability of appellee for the requisite period of time, and the chief difficulty arises from a considera-

3. tion of those facts which show that four days after his injury, while still suffering from the effects thereof, he returned to his work and for more than a month performed a large part of the duties of his employment, though during all such time he continued to suffer intensely and was greatly incapacitated, and then finally, from the effects of his original injury, which had become more severe and malignant, he became wholly unable to perform any labor of any kind and was confined to his home for treatment; and likewise the finding which shows that the injury caused neuritis.

If the performance of such labor under the conditions shown destroys or so modifies the findings, which show total and continuous disability due solely to appellee's injury for the requisite period of time, that under his policy we are compelled to hold that he does not come within the provisions which allow compensation for total disability, then the first and third conclusions of law are erroneous. The findings disclose a situation where the injury was more severe and the results more permanent and harmful than they at first appeared to be, and in which the injured party showed unusual desire, and put forth an extraordinary effort, to labor while still incapacitated by his injuries. He was in no sense a malingerer, and the facts present the question whether, by his premature effort to labor while so

incapacitated, he is, under the provisions of his policy, deprived of compensation which he would clearly be entitled to receive had he remained away from his employment and made no effort to labor, as the severity of his injury and the intensity of his suffering clearly warranted him in doing.

The rule prevails in this and most jurisdictions that provisions in a policy for total disability, irrespective of the technical variations in the language employed, should be given a rational and practical construction; that the phrase "total disability" is a relative term, depending in a measure upon the nature of the employment, the capabilities of the injured person, and likewise the circumstances and peculiar facts of each particular case. It is usually a question of fact to be determined by the court or jury trying the case and was such question in the case at bar. *Indiana Life, etc., Co.* v. *Reed, supra; Workingmen's Mutual, etc., Assn.* v. *Roos, supra;* 4 Cooley, Briefs on Ins. 3288-3290; Kerr, Ins. 385.

Where a party is shown to be in fact totally disabled, for the entire period for which compensation is sought, it cannot be held as a matter of law that he was not so disabled because during a portion of such time he made a good-faith, though ineffectual, effort to perform the duties of his usual employment. Nor could he be held to be totally disabled because he failed or refused to labor, when he had the opportunity so to do, if in fact he was at the time reasonably able to perform such labor. *Pacific Mut. Life Ins. Co.* v. *Branham* (1904), 34 Ind. App. 243, 246, 70 N. E. 174; *Commercial Travelers', etc., Assn.* (1899), 23 Ind. App. 657, 662, 55 N. E. 973; *Indiana Life, etc., Co.* v. *Reed, supra; Young* v. *Travelers Ins. Co.* (1888), 80 Me. 244, 247, 13 Atl. 896; *Hohn* v. *Inter-State Casualty Co.* (1897), 115 Mich. 79, 72 N. W.

1105; *Turner* v. *Fidelity, etc., Co.* (1897), 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. 428; *Lobdill* v. *Laboring Men's, etc., Assn.* (1897), 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. 542.

In several of the cases above cited it is stated in substance that provisions for total disability similar to those in the policy now under consideration, in all cases of doubt, should be liberally and fairly construed so as to give to the insured the indemnity which he contracted to obtain, and at the same time the language employed should be so construed as to serve the purpose of guarding the company against fraud or imposition. In the case at bar the finding of the court shows that the conclusion reached was consistent, both with the idea of providing the indemnity contemplated by the parties when the contract was entered into, and of effectually safeguarding the company against fraud or imposition of any kind. Such construction gives effect to the whole contract and effectuates the purpose upon which the minds of the contracting parties met when the policy was issued by the company and accepted and paid for by the insured. To allow appellee only four weeks' sick benefits, in the face of the finding which clearly shows total disability for over six months, and an actual cessation of labor for most of that time, and for all the time, but for the extraordinary conduct of appellee in a good-faith effort to work while disabled and still suffering from the continuing effects of his injury, would require a narrow and technical construction of the policy in favor of appellant, notwithstanding the facts found show that it was in no sense imposed upon by fraud or unfair dealings and has only been called upon to pay the amount it obligated itself to pay under such conditions as are shown by the findings. Such narrow construction would tend to place a premium on fraud

and deception, to discourage fairness and effort to return to employment as soon as possible after an injury, and in the end would result in greater hardships to insurance companies than the broader and more liberal construction which affords sufficient latitude to enable courts in applying the law to particular cases to discriminate between malingerers and those who in fairness and honesty have reasonably and substantially complied with the provisions of insurance contracts like the one under consideration. But it is also contended in this case that the finding which shows that the injury produced neuritis from which appellee continuously suffered and by reason of which he was totally disabled, brings the case squarely within the provisions of clause two of "Miscellaneous Provisions" of the policy and limits the period for which compensation may be allowed to four weeks. Considering only such finding and said clause two, the contention seems to have merit. But we must consider all the provisions of the policy and all the facts found by the court which bear upon the question of the compensation due appellee.

On the face of the policy it is stated that the "American Liability Company insures the person named as assured * * * from the first of October, 1910, and for such further periods as the premium paid will maintain this policy in force, against the contingencies as hereinafter provided.

"Total Accident Disability.

"**A.** At the rate of forty dollars per month, for the period, not exceeding twenty-four consecutive months, that the assured is totally and continuously from date of accident disabled and prevented from performing every duty pertaining to any business or occupation, as a necessary result independent of all other causes, of bodily injuries effected through external, violent and accidental means."

The foregoing provisions of the policy are followed by numerous detailed specifications relating to "Partial Accident Disability," "Specific Total Losses," "Double Indemnity," "Illness Indemnity," "Extended Illness Indemnity," and some ten or more other general headings or topics which are followed by detailed specifications and statements in fine print and these are followed by the general heading, *"Miscellaneous Provisions"* which consist of nine paragraphs, and on the reverse side of the policy appears "Schedule of Warranties," a copy of the application, various stipulations and limitations and an agreement to pay the premiums as specified in the policy. The provision relied upon by appellant to limit recovery to four weeks is found in clause No. 2 of "Miscellaneous Provisions," which is as above set forth. The finding not only shows the development of neuritis but that appellee was totally and continuously disabled up to the time of the trial in June, 1914. After concluding the findings which set forth the injury, the development of neuritis, and the disability of appellee; the court states the ultimate fact "that all the aforesaid disabilities of appellee are the necessary result, independent of all other causes, of the bodily injury aforesaid so received by appellee." This is a clear statement that, notwithstanding neuritis developed from the injury, appellee was continuously and totally disabled by the original injury independently of neuritis or any other cause other than such injury; in other words, the period of total disability for which appellee was allowed compensation was independent of, and not changed or prolonged by, neuritis. To hold that the development of neuritis would shorten the period of compensation to four weeks under such a state of facts would be to bring the provisions of said clause No. 2 into conflict with and make them contradictory to the general provisions on the face of the policy which prom-

124    APPELLATE COURT OF INDIANA,

American. Liability Co. v. Bowman—65 Ind. App. 109.

ise compensation for total disability for a period of time not exceeding twenty-four months. The provisions of said clause No. 2 may apply to cases in which neuritis or other diseases named develop and in which it is not shown that the period of disability for which compensation is allowed was entirely independent of and not prolonged by such disease. Such construction gives effect to the general provisions for total disability, and also to those limiting the period of compensation to four weeks, under certain specified conditions, is reasonable, and is consistent with the object sought to be attained by the issuance and acceptance of the policy. But if we should take the view that the provisions of said clause No. 2 necessarily mean that compensation is to be limited to four weeks in every case where one of the specified diseases develops, regardless of the character and extent of the original injury and the period of time during which total disability resulted therefrom independently of all other causes, still on the facts of this case we should reach the same result. Appellee sought indemnity and appellant agreed to furnish it according to the provisions of the contract. The first and prominent provision of the policy is clear in its promise of forty dollars per month for total disability. The construction of said clause No. 2 last above indicated would be inconsistent with and contradictory to the provision for total disability and would render the policy ambiguous.

We should then apply the rules of construction above stated and be compelled to hold that the minds of the contracting parties never met upon such proposition and that appellant promised to indemnify appellee to the extent of $40 per month for continuous total disability, and that, in as much as the finding of facts shows such disability independent of the neuritis that developed, such disease is only incidental to the case

and does not materially affect or change the ultimate fact of total disability due as the court found, solely and exclusively to the original injury. We therefore conclude that the court did not err in either the first or third conclusion of law.

The fifth conclusion of law, to the effect that appellee's right to recover for disability suffered after the commencement of this suit is not in issue or determined by this suit, was not essential to the judgment in this case; but it only states what is apparent from the pleadings and the findings of the court, and in any view that may be taken of it, would not afford a cause of reversal if the judgment is otherwise correct.

Under the motion for a new trial appellant contends that the court's findings Nos. 6, 7, 10 and 40 are not sustained by sufficient evidence. In finding No. 6 the court stated that immediately after his injury appellee was removed to his home in a vehicle, and on the same day a physician was called to the home who treated him for his injury. We find no evidence that he was taken home in a vehicle, but the undisputed evidence shows that he walked home by the help of Mr. Garrison and that a physician was called who treated him as stated in the finding. The inaccuracy is an unimportant minor detail which in no way affects the ultimate facts found by the court or the conclusions of law drawn therefrom. The tenth finding states in substance that on January 16, 1913, the injury produced neuritis, the center of which was immediately in the locality of the injury, and that appellee suffered therefrom continuously thereafter to the time of the trial and was thereby totally disabled. The fortieth finding states that all of the disabilities heretofore found, from which the plaintiff suffered, "are the necessary result, independent of all other causes, of the

bodily injury so affected through the external and accidental means heretofore found and stated." Appellant only points out an inaccuracy in the tenth finding in the date, by the substitution of January 16, 1913, for December 27, 1912. The criticism is probably correct but is only another unimportant minor detail as the particular date could not change the important ultimate facts relating to the injury and the results that followed. Both the tenth and fortieth findings state ultimate facts that are important and within the issues. There is evidence from which the ultimate facts so stated could be reasonably inferred and the trial court was entirely within its province in so stating them.

11. Ultimate issuable facts are proper in special findings and are the facts which must control the conclusions of law drawn from the facts, since mere evidentiary facts, though often found in special findings, are improper and unauthorized. The seventh finding deals with appellee's return to his employment, his incapacity and suffering, and the assistance he had in the performance of his duties when he returned to his work four days after his injury.

The evidence shows that appellee was a fireman and that the engineer helped him perform his duties when he was feeling badly, and that prior to his injury he readily performed all the labor required in his position without any assistance. The trial court had the right to draw from the evidence any reasonable inference, and while the evidence on the points of the amount of the assistance needed and received by appellee at such time is somewhat meager, we cannot say there is a total failure of evidence from which the court might infer the facts stated in such finding. The court found and stated the ultimate facts which warrant recovery for six months' total disability, and there is evidence tend-

ing to prove all of such facts. The findings support the conclusions of law on which the judgment rests.

We find no reversible error. The case seems to have been fairly tried on its merits and a correct result reached. §700 Burns 1914, §658 R. S. 1881.

Judgment affirmed.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ., concur.

NOTE.—Reported in 114 N. E. 992. Insurance: construction of "total disability" clause in accident policy, 7 Ann. Cas. 815, 8 Am. Rep. 218, 1 Cyc 269, 297, 1 C. J. 462; what constitutes "disability" within meaning of accident or health policy, 38 L. R. A 529, 23 L. R. A. (N. S.) 352, 29 L. R. A. (N. S.) 635, L. R. A. 1917B 108; construction of accident policy, 1 Cyc 243, 1 C. J. 414.