For defendant: Clason Brereton and Kingsley.

Giovanni Pannone
vs.
John Hancock Mutual
Life Insurance Co.
} No. 83642.

March 2, 1931.

BLODGETT, P. J. Heard without intervention of a jury.

Action brought under a policy of insurance issued by defendant to recover $500 for total disability by reason of disease.

The foundation for the claim is a supplementary clause in said policy termed a "Provision for Benefit in the Event of *Total* and *Permanent* Disability Prior to the Anniversary of the Policy Nearest the Sixty-Fifth Birthday of the Insured." This clause provides for a payment of one per cent. of the full amount of the policy for each month of total disability, if the insured A. "Has become totally and permanently disabled either physically or mentally so as to be continuously and wholly prevented for life, from engaging in any occupation or employment for wage or profit," or B. "In the absence of conclusive proof of permanency of disability, if due proof as aforesaid shall be presented that the insured has been totally disabled by bodily injuries or disease, and has been thereby prevented from engaging in any occupation or employment for wage or profit for a period of not less than ninety consecutive days."

Plaintiff claims to have been totally disabled in a period from September 10, 1929, to March 1, 1930. Plaintiff carried on the business of a butcher, and was proprietor of his own shop. It was necessary for him to handle frozen meats and to go in and out of a refrigerating box where the meat was kept. In doing so he contracted a severe case of chilblains which so affected his hands that the same swelled to such an extent that they became useless for the handling of meat. The plaintiff does not claim total disability under clause "A" of the supplementary agreement in the policy, but relies on clause "B." Under this clause the disability claimed must have continued for at least ninety days.

Dr. Fidanza, who treated him, testified that plaintiff came to his office in the early part of September, 1929; that plaintiff's hands were badly swollen and were blue and cold; that his heart action was normal; that plaintiff could not close his hands in the early period of his disability; that he treated plaintiff at his office several times a week; that he continued to treat plaintiff until the latter part of February, 1930; that in his opinion the plaintiff was unable to use his hands during this period from September to February in the meat business; that generally this disease, chilblains, responded to treatment, but in plaintiff's case it was chronic.

Dr. Hindle, for the defendant, testified that this disease, chilblains, was of short duration.

A Mr. Woodworth, for the defendant, testified that plaintiff had told him in February, 1930, that he had always been able to use his fingers.

The question arises as to the construction of the term "total disability" as used in clause "B" of the policy.

The claim of defendant is that the clause is intended to provide protection to the person insured and to keep him from want in the event that he is rendered helpless to earn a livelihood.

Plaintiff claims that the clause should not be literally construed as meaning absolute helplessness, but that the "total disability" contemplated means inability to do substantially all of the material acts necessary for the prosecution of the insured's business or occupation, in substantially his customary and usual manner.

The Court is quoting the argument advanced in brief of plaintiff.

The general policy of the law is to give a liberal construction of policies of insurance in favor of the insured.

*Young* vs. *Travelers' Ins. Co.,* 80 Me. 224.

In *McClaren* vs. *Providence Firemen's Relief Ass'n.* 103 Atl. 1, a distinction is drawn between the terms "disability" and "total disability." The Court, however, does not construe the application of the term "total disability" with reference to the facts found in that case. The Court simply says plaintiff was disabled under the terms of that particular rule of the association and entitled to recover.

A large number of cases are cited in the carefully prepared brief of defendant which hold that the term "totally disabled" must be strictly construed. In 24 A. L. R. beginning at page 203 is collected a great number of opinions of different jurisdictions bearing upon the meaning of "total disability" applied to accident insurance policies.

"Total disability, irrespective of the technical variations in the language employed, should be given a rational and practical construction. The phrase is a relative term, depending upon the circumstances and peculiar facts of each particular case, and is usually a question of fact to be determined by the Court or jury trying the case."

*American Liability Co.* vs. *Bowman,* 65 Ind. App. 109.

In *James* vs. *United States Casualty Co.*, 113 Mo. App. 622, where a clause of an accident policy insured against loss which * * * "wholly disabled" the holder, it was held that holder might recover, although he was able to be at his place of business daily, and write checks, approve orders and dictate letters, but could do none of the principal matters pertaining to his business.

24 A. L. R. 213.

In *Jacobs* vs. *Loyal Protective Ins. Co.*, 124 Atl. 848, it was held that "total disability" did not mean absolute physical inability to transact any kind of business relating to the insured's occupation, but that a person was totally disabled within the meaning of the policy if he was disabled from performing the substantial and material acts connected with his occupation.

Under the light of these opinions and bearing in mind that the policy should be construed liberally in favor of the assured, the Court is of the opinion that plaintiff has sustained the burden of proof and is entitled to recover under clause "B" of the policies.

The testimony of the doctor attending is that for a period of more than ninety days plaintiff was in his opinion disabled from carrying on his usual business of handling meat.

The contrary evidence from a medical standpoint is that "chilblains," from which disease plaintiff was suffering, was a disease of short duration and amenable to treatment.

The evidence satisfies the Court that while, during part of this ninety-day period, plaintiff did visit occasionally his place of business, and did sign checks and do small acts necessary to be done, yet during this period he was "totally" disabled from taking any part in the necessary part of the meat business.

Decision for plaintiff for $500 and costs.

For plaintiff: O'Shaunnessy & Cannon.

For defendant: George Hurley & Walter V. Moriarty.