ASAHEL M. COLE *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

JANUARY 10, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   This is a bill brought to compel specific performance of a contract of insurance.   From a decree of the Superior Court dismissing the bill the complainant has appealed.

On April 24, 1924, respondent issued to complainant a policy of insurance on his life.   Some time thereafter a supplemental agreement was added to the policy.   This agreement, after providing for the payment of an additional premium, proceeds as follows:

> "HEREBY AGREES, that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said Policy and this Supplementary Contract

are in full force and prior to the anniversary date of said Policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring or originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1.  Waive the payment of each premium falling due under said Policy and this Supplementary Contract, and,

"2.  Pay to the Insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said Policy, a monthly income of $10 for each $1,000 of insurance, or of commuted value of installments, if any, under said Policy."

In October, 1924, the complainant, while employed in Detroit, Michigan, was stricken with a disease commonly called "infantile paralysis" which caused permanent paralysis in the lower half of his body.  The respondent recognized his disability as total and permanent and for about four years paid to him the compensation stipulated in the policy.

The respondent now takes the position that it was justified in suspending payments under the following provision of the policy:

".  .  .  if the insured shall be able to perform any work or engage in any business whatsoever for compensation or profit, the monthly income herein provided shall immediately cease, and all premiums thereafter falling due shall be payable

according to the terms of said Policy and of this Supplementary Contract."

There is no dispute as to the complainant's present physical condition. He is permanently paralyzed from the region of the umbilicus downward; he has practically no power of locomotion; when placed on crutches he can move over level surfaces but cannot go up or down stairs or step up on to a curbstone; if he falls down he can not arise without assistance.

The complainant's history briefly is as follows: He had two full years at high school after which he worked for a railroad company as a laborer; he was advanced to the position of transit man in the engineering department. In 1917 he enlisted in the United States Army and was transferred from the artillery to the engineer's corps and attained the rank of sergeant. Upon his discharge from the Army he opened an office in Southbridge, Massachusetts, as a surveyor but after a few months went south as a timber cruiser. For a time he worked for his father, who is a general contractor, and then went to New York State where he worked for a highway contractor; he then went to Michigan where he worked on his own account for a short time. When stricken, he was employed as a foreman in construction work in Detroit. He was brought to Providence by his father who installed him in a tenement in a house belonging to the former. Not for compensation but to keep his mind occupied, his father in connection with his business gave him such tasks as he was able to perform. He placed a sign at his father's place of business announcing himself as an architect and engineer. In eight years he earned about $350 by drawing plans and making estimates.

The term "totally and permanently disabled" is not to be construed literally. *Pannone* v. *John Hancock Life Ins. Co.*, 52 R. I. 95. It is generally held that the term is relative. Its interpretation as employed in a contract of this character depends in part upon the occupation and the capabilities of the insured and also upon the circumstances of the

particular case. Clarke v. Travelers Ins. Co., 94 Vt. 383. Couch on Insurance, § 1670. Regard also must be had to the object and purpose of the contract which is to indemnify the insured for loss of time by reason of his incapacity to perform his usual work or to carry on his usual business by reason of the happening of the event covered by the policy. It would defeat the purpose of the contract to hold that the insured must be completely helpless to be entitled to the benefits of the same. If he is unable to perform the substantial and necessary acts in the prosecution of his work or business, he is entitled to the benefits of his contract unless it appears that he is able to engage in some other gainful activity. The fact that he has been able to earn trifling amounts as a draftsman and estimator does not effect his right of recovery when he might reasonably have refrained from making any effort at remunerative employment. American Liability Co. v. Bowman, 65 Ind. App. 109. Couch on Insurance, § 1673.

From the record it appears that the complainant's qualifications fit him for the position of a foreman of construction work. Notwithstanding the fact that he has held himself out as an architect and engineer, there is nothing in the record which gives a basis for the conclusion that there is any reasonable probability that he will be able to succeed in earning a livelihood in either capacity. His knowledge of architecture and engineering is manifestly rudimentary and it is quite clear that he will never be able to resume the position of foreman of construction work for which he appears to be fitted and by which he was earning a livelihood at the time of the issuance of the policy. That he would be able to earn a livelihood in some capacity were it not for the depression, as urged by the respondent, is purely conjectural and it is generally held that, in cases of doubt, the provision for total disability in the policy should be liberally and fairly construed in favor of the insured. American Liability Co. v. Bowman, supra; Koury v. Providence Washington Ins. Co., 50 R. I. 118.

The appeal is sustained and the decree appealed from is reversed. The parties may on January 17, 1934, present to this court a form of decree to be entered in the Superior Court.

*Rosenfeld & Hagan, C. Bird Keach,* for complainant.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for respondent.