METROPOLITAN LIFE INSURANCE COMPANY *v.* SCHNEIDER

[No. 14,687.   Filed January 23, 1935.]

*Isidor Kahn, Robert C. Enlow* and *Edward E. Meyer,* for appellant.

*W. M. Wheeler,* for appellee.

CURTIS, J.—This is an appeal from a judgment of the superior court of Vanderburgh county in a cause of action based upon two certificates of insurance issued by the appellant to the appellee under and pursuant to two group policies of insurance issued by the appellant to the Stahl Packing Company of Evansville, Indiana, for whom the appellee was working. The complaint was in two paragraphs, each paragraph being based on a separate one of said certificates of insurance. In the first paragraph of complaint the appellee asks judgment in the amount of twelve hundred dollars ($1200.00), and in the second she asks judgment in the amount of one hundred fifty dollars ($150.00).

The issues were formed by the said complaint and by the first and second paragraphs of answer to each paragraph thereof.

The case was tried on these issues before the judge without the intervention of a jury, and a judgment was entered in favor of plaintiff, the appellee herein, against the appellant Metropolitan Life Insurance Company in the sum of ten hundred thirty dollars ($1030.00) and costs of the action, the judgment on the first paragraph being for $1000.00 and on the second for $30.00. The appellant's said second paragraphs of answer to each paragraph of complaint were each affirmative answers to which the appellee filed no reply, but proof was heard on the issue raised by each of these paragraphs of answer, the court considering that a general denial thereto was filed by the appellee.

A motion for a new trial was filed seasonably by the appellant and overruled with an exception and this appeal thereafter prayed and perfected, assigning as the only error the ruling of the court upon said motion.

The motion for a new trial contains several causes or grounds, only one of which can be considered for the reason that only the one cause or ground is carried forward into the Propositions, Points and Authorities portion of the appellant's brief. The first point sought to be presented under the above heading it that, "The judgment for the appellee on her first paragraph of complaint is not sustained by sufficient evidence and is contrary to law," the second point is that, "The judgment for the appellee on her second paragraph of complaint is not sustained by sufficient evidence and is contrary to law" and the third point is that, "The court erred in the assessment of the amount of recovery in this: the amount is too large." As heretofore stated only the third point can be considered. To say that the "judgment" is not sustained by sufficient evidence or is contrary to law presents no question under a motion for a new trial. See Section 610, clause 6, Burns 1926, §2-2401, Burns 1933, §368, Baldwin's 1934; *Smith et al.* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911; *Indianapolis Electric Supply Company* v. *Trapschuh et al.* (1916), 63 Ind. App. 120, 114 N. E. 99; *Gates* v. *Baltimore and Ohio Southwestern Railway Company* (1900), 154 Ind. 338, 56 N. E. 722; See also clause 6 of Rule 21 Revised Rules of the Supreme and Appellate Courts of Indiana, adopted November 1, 1933, effective November 15, 1933, which provides what the appellant's brief shall contain under the heading "Propositions and Authorities." It is there specifically stated that: "No alleged error or point not contained in the statement of errors or points shall be raised afterwards either by reply brief or oral or printed argu-

ment, or by a petition for a rehearing." The above quoted provision was also in the rules before they were revised as above indicated.

In passing upon the question presented under the appellant's third point above set out we have, however, examined carefully the evidence contained in the appellant's concise statement thereof in its brief as well as the evidence supplied by the appellee in her brief which was omitted by the appellant. It is contended by the appellant that the appellee is not entitled to recover on the first paragraph of her complaint for the reason first, that she did not prove that she "has become totally and permanently disabled as a result of bodily injury or disease so as to be prevented from engaging in any occupation and performing any work for compensation or profit." The injury suffered by the appellee was a broken hip occasioned by a fall while she was an employee of the Stahl Packing Company. Her contention is that she is "totally and permanently disabled so as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit." Her evidence strongly tends to support her contention. The appellee in her concise statement of the evidence, some of which was omitted by the appellant, says that the appellee testified, "that her leg is short as a result of the injury and that she cannot step up with it; that she requires help in getting on and off street cars and buses; that she suffers pain when she puts weight on her leg; that she suffers pain when she is sitting down; that it is painful for her either to stand or walk or sit for any period of time; that her injury is not improving; that she is unable to work at packing food as she formerly did at Mead Johnson's and that she is unable to perform the duties of a waitress; that she is unable to tint commercial photographs as she formerly did; that there is no field of employ-

ment now for commercial photograph tinting; that the tinting work she formerly did required her to be on her feet a good deal, and that most photograph tinting requires considerable standing; that her education consists only of completing the common grade school up to the eighth grade; that she hasn't engaged in the occupation of tinting photographs for Seven (7) or Eight (8) years; that her average weekly wage for tinting photographs was Ten Dollars ($10.00) to Twelve Dollars ($12.00); that she is unable to tint photographs in her present condition; that she finds it necessary to lie down sometimes one or twice a day and sometimes more."

In the main we think her evidence was corroborated by the medical and other testimony. It is true that there was some conflict in the evidence but it is not the province of this court to weigh such evidence. Such a contract as is sued upon in the first paragraph of the complaint does not refer to and will not be construed to mean that before the insured is entitled to recover that there must be made a showing of utter helplessness. It must be given a reasonable construction. Under the record in the instant case it became a question of fact for the court trying the case to decide whether or not there was a showing of total disability within the meaning of the certificate of insurance sued upon. We think there was an abundance of evidence to sustain the finding in that respect. See: *John Hancock Mutual Life Insurance Company* v. *Cave* (1931), 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848 and the numerous cases reviewed in the note thereto. See also *Great Northern Casualty Co.* v. *McCollough* (1933), 96 Ind. App. 506, 174 N. E. 103.

The certificate of insurance sued upon in the first paragraph of the complaint contained the provision that

the company would pay the insured 40 monthly installments of $26.25 each commencing 3 months after receipt of proof of loss as provided in the policy, provided that the insured prior to his sixtieth birthday "has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit," and that the company would waive the further payment of premiums as to such employee. The appellant denied all liability under said certificate of insurance. Appellant's second contention based mainly upon the installment provision of the said certificate of insurance, is that "the trial court erred in awarding to the appellee judgment for more than the amount of such installments then due." Such a contention is at once untenable. By denying all liability the appellant lost its contractual right contained in the said certificate of insurance to pay in installments. See: *John Hancock Mutual Life Insurance Company* v. *Cave, supra,* and note in 79 A. L. R. 848, *supra.*

But is is suggested by the appellant that the first paragraph of the complaint does not contain sufficient allegations to permit a recovery of the entire number of the installments. Upon examination of its allegation it is clear that it proceeded upon the theory that they were all due and the prayer was for a judgment covering all of them. There is no direct allegation that they were all due by reason of the denial by the appellant of any liability whatever. Under the provisions, however, of section 725, Burns 1926, §2-3231, Burns 1933, §505, Baldwin's 1934, such defects, if they be defects, "shall be deemed to be amended" in this court. Such an amendment would in no manner change the issue tried, would conform to the evidence, and would work no hardship whatever upon the appel-

lant. The defect, if it be a defect, offers no ground for a reversal.

With reference to the second paragraph of the complaint the appellant admits that it had a liability to pay to the appellee certain weekly payments but it says that it has fully discharged such liability by payments. The court found that the appellant still owed the appellee the sum of $30.00 on the certificate of insurance sued upon in said second paragraph of complaint and rendered judgment for that amount. We have read the evidence and in our opinion the said finding is sustained by at least some competent evidence.

The record as a whole convinces us "that the merits of the cause have been fairly tried and determined in the court below" and this is an additional reason for the conclusion we have reached. See section 725, Burns 1926, *supra*.

The death of the appellee as of February 18, 1934, is suggested. This cause was submitted at the May Term, 1932. Judgment is therefore rendered as of the May Term 1932. See Section 729, Burns 1926, §2-3235, Burns 1933, §510, Baldwin's 1934.

We have found no reversible error. Judgment is affirmed.