AETNA LIFE INSURANCE COMPANY OF HARTFORD,
CONNECTICUT *v.* HUFFSTETTER

[No. 14,849.   Filed May 10, 1935.   Rehearing denied October 18,
1935.   Transfer denied January 16, 1936.]

356

*Wilmer T. Fox,* for appellant.

*Warren B. Allison* and *James W. Fortune,* for appellee.

KIME, J.—This was an action by the appellee to recover the sum of $100.00 per month on a so-called permanent total disability clause contained in a $10,000.00 life insurance policy, which clause provided that six months after proof is received at the home office of the company that "from causes originating after the delivery of this policy the insured has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit" providing such disability occurs before the insured reaches the age of sixty, the company will pay to the insured the sum of $10.00 per month for each thousand dollars of the original amount of insurance, during the lifetime and during the permanent total disability of the insured.

The complaint was in one paragraph and a copy of the policy was attached as an exhibit, to which complaint there was filed an answer in general denial. Trial was had by a jury and a verdict was returned against the appellant, in favor of the appellee, for $1,088.50.

Judgment was then entered on this verdict. Motion for new trial was filed and overruled. This appeal followed and the errors assigned were that the court erred in overruling the motion for the appellant to require appellee to make his complaint more definite and certain and in overruling appellant's motion for a new trial. Under the motion for a new trial the alleged errors presented are that the verdict of the jury is contrary to law; that it is not sustained by sufficient evidence; that the assessment of the amount of recovery is too large; that the court erred in giving instructions numbers 9 and 10, requested by appellee; that the court erred in overruling defendant's motion at the close of plaintiff's evidence to return a verdict for the defendant; that the court erred in overruling appellant's request that the jury be directed to disregard improper remarks; that the court erred in permitting the appellee to testify as to his recollection of the contents of the family Bible; that the court erred in refusing to strike out the testimony after it was admitted; that the court erred in permitting the witness, Franke, to testify as to the contents of the family Bible, as to the age of the appellee.

The evidence disclosed that at the time this policy was issued in 1918 the appellee gave his occupation as a farmer; that in addition to farming he had engaged in the business of running a feed store and dealt in the buying and selling of live stock; that he had not lived on a farm at least for the last seventeen years; that he owned one farm containing 160 acres, approximately one mile from the town of New Washington and another containing 947 acres about seven miles away; that the farms were worked by hired hands, although the appellee himself, at times, did practically everything that a farmer does. In March, 1931, he received a Pott's fracture of the left leg, which confined him to his bed

for about ten weeks. Then followed several weeks in which he used crutches and then, for some time, it was necessary for him to walk with a cane. That if he walked for an extended period his ankle hurt; that he was extremely restless at night and could not sleep. That he had a leaky heart and in 1930 he had been operated on for gall stones and the year before had his appendix removed.

That after the accident he continued to manage the farms; that since that time he had not done what was described as heavy work nor does he do many of the things he formerly had done, but that he does drive the truck and while driving, since the accident, has hauled livestock to and from the market; that he had made three trips to Cincinnati with livestock since the accident.

Appellee's family physician testified that the appellee had been permanently disabled, and appellee's brother-in-law, who lived in his home both before and since the injury, testified that appellee suffered considerable from the injury and that while he could do almost anything an ordinary man could do on a farm before the accident, that since his injury he has been unable to do any work on the farm or engage in any occupation. Appellee and his wife testified that the pain prevented him from sleeping.

The court did not err in overruling the motion to make the complaint more specific because the motion sought to have the complaint made more specific in regard to a matter which was a condition precedent to the right of recovery by appellee, and the complaint alleged that the appellee had performed all the conditions on his part to be performed. This is the same question as is presented in the demurrer to the complaint and we find no error there. *Western and*

*Southern Life Insurance Company* v. *Spencer* (1932), 95 Ind. App. 281, 179 N. E. 794.

The question as to whether or not a person is permanently disabled and will, for life, be unable to do any work or conduct any business for compensation or profit is a question of fact for the jury and where there is any competent evidence to sustain such verdict it must stand. *American Liability Company* v. *Bowman* (1917), 65 Ind. App. 109, 114 N. E. 992; *Great Northern Casualty Company* v. *McCollough* (1933), 96 Ind. App. 506, 174 N. E. 103; *Wenstrom* v. *Aetna Life Ins. Co.* (1927), 55 N. D. 647, 215 N. W. 93, 54 A. L. R. 289. The last case cited construes the identical clause contained in the case at bar and follows the great weight of American authority to the effect that it is a question for the jury.

Thus we find that the verdict is sustained by sufficient evidence and is not contrary to law.

There is ample evidence to sustain the amount of the recovery. It is not too large as during the time of the disability appellee had paid a premium of $580.50, which he was entitled to have returned to him, under the policy, together with some seven months disability benefit at $100.00 per month.

Instruction number 9 complained of by appellant was a correct interpretation of the law as laid down in the case of *Great Northern Casualty Company* v. *McCullough, supra.*

Instruction number 10 told the jury that if they found for the plaintiff they should fix the amount at $100.00 per month for six months after he made proof of his total disability, if he made such proof, and that such amount was $700.00, to which should be added any premiums paid since the date of making such proof. There was evidence properly admitted,

under the issues, to justify the giving of such instruction and it was not erroneous.

From what is said above it is evident that the trial court did not err in refusing to direct the jury to return a verdict for the appellant at the close of appellee's evidence.

It appears from the record that the appellant had made written application to the court for a physical examination of the appellee and that the court appointed a medical expert to make such examination. The appellee's counsel, in his closing remarks, expressed a belief that such examination had been made and that he was unable to understand why the defendant had not caused this medical expert to take the stand. In view of the whole of the evidence we are not convinced that these remarks are of such a material character as to appear probable that they were instrumental in obtaining a wrong verdict and, consequently, a reversal will not be ordered here. *Buscher* v. *Scully* (1886), 107 Ind. 246, 5 N. E. 738, 8 N. E. 37; *Roose* v. *Roose et al.* (1896), 145 Ind. 162, 44 N. E. 1.

The appellant complains of the admission of testimony relative to what was contained in the family Bible concerning the age of the appellee and says that this testimony should not have been admitted in the absence of evidence that the best evidence, namely the Bible, was not available. It appears from the record that it was unknown as to whether or not the Bible existed and, consequently, the court did not err in accepting the secondary evidence of both the appellee and the witness, Franke.

Finding no reversible error, the judgment of the Clark Circuit Court is in all things affirmed.