PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* MARTIN.

[No. 14,967. Filed May 27, 1935. Rehearing denied October 18, 1935. Transfer denied January 8, 1936.]

*Meyer, Fine & Bamberger, Isidor Kahn, Robert C. Enlow* and *Edward E. Meyer,* for appellant.

*R. W. Armstrong* and *Winfield K. Denton,* for appellee.

CURTIS, P. J.—This was an action brought by the appellee against the appellant to recover the sum of $2,500.00 upon a certificate of insurance issued to the appellee by the appellant in accordance with and subject to the terms and conditions of a certain group policy

issued by the appellant to the Louisville and Nashville Railroad Company, insuring certain employees of said railroad company, including the appellee.

The complaint was in one paragraph and alleges the execution and delivery by the appellant to the appellee of a certificate of insurance on the life of the appellee, subject to the terms and conditions of a group policy of the appellant issued to the Louisville and Nashville Railroad Company, the insurance thereunder of the appellee; the performance by the appellee of all conditions thereof on his part to be performed; the total and permanent disability of the appellee (as defined in said certificates and group policy); and the refusal of the appellant to pay the appellee the benefits provided for in said certificate and said group policy by reason of such alleged total and permanent disability of the appellee.

To this complaint the appellant filed its answer in two paragraphs, the first being in general denial, the second admitting the execution and delivery of the certificate of insurance referred to in the appellee's complaint, but further alleging that said certificate was issued in accordance with an subject to the terms and conditions of the appellant's group policy No. 1788, and that the appellee did not, while insured under said certificate and said group policy, become totally and permanently disabled as total and permanent disability was defined in said group policy, and further setting out all of the provisions of said group policy, defining total and permanent disability and providing for benefits to be paid the appellee and other employees insured thereunder in the event of the occurrence of total and permanent disability as defined in such group policy. To the appellant's second paragraph of answer the appellee filed his reply in general denial, thus closing the issues.

The cause was tried by a jury, which returned a verdict for the appellee and against the appellant, awarding

him the sum of $1,750.00. The appellant then filed its motion for a new trial. This motion was overruled by the trial court, and the appellant at the time excepted. The court then rendered judgment on the verdict of the jury in the sum of $1,750.00 and costs, and from that judgment the appellant prosecuted this appeal, assigning as the only error relied upon for reversal the ruling of the court on the motion for a new trial. Said motion contains seven causes or grounds as follows:

"1. The verdict of the jury is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. The damages assessed by the jury are excessive.

"4. The assessment of the amount of recovery by the jury is erroneous, being too large.

"5. The court erred in refusing to give to the jury each of the instructions numbered 1, 5, 6, and 9 tendered and requested by the defendant.

"6. The court erred in giving to the jury each of the instructions tendered and requested by the plaintiff and numbered 1, 2, 4, 6, and 7.

"7. The court erred in giving to the jury of court's own motion each of the instructions numbered 1 to 3, both numbers inclusive."

Ground number 3 of the motion for a new trial cannot be considered, as that cause or ground relates to tort actions only. We now take up the other causes or grounds of the motion.

The appellant in its brief, under the heading of propositions, points and authorities, with reference to the instructions, has discussed alleged error only as to the action of the trial court in refusing to give each of instructions numbered 1 and 5 tendered by the appellant and alleged error in the giving of each of instructions numbered 2, 4, and 7 tendered by the appellees. It is needless to say that alleged error as to

the giving or refusal to give certain other instructions mentioned in the motion for a new trial is waived.

The provision of said certificate of insurance issued by the appellant to the appellee that is material to a determination of this appeal is as follows:

> "If the said employee, while less than 60 years of age and while the insurance on the life of said employee under said policy is in full force and effect, shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his lifetime, the amount of insurance payable at death from natural causes will be paid to said employee in monthly installments during two years, the first installment to be payable immediately upon receipt by the company of due proof of such disability or incapacity, in accordance with the provisions of said policy. The disability benefits will be granted subject to cessation in accordance with the provisions of the policy should such disability or incapacity prove to be temporary and not permanent."

The insurance policy upon which the said certificate is based contains the following language:

> "PROOF OF CONTINUANCE OF DISABILITY.—Notwithstanding the acceptance by the Company of proof of total and permanent disability, the said person, upon demand by the Company from time to time, for the purpose of verifying that such disability is actually permanent and not temporary, shall furnish due proof that he (or she) actually continues in the state of disability defined above. . . ."

The appellant earnestly insists that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, asserting that the uncontradicted evidence shows that the appellee was not totally and permanently disabled within the meaning of

the certificate of insurance sued upon; that such evidence shows that the appellee for almost two years after the beginning of his alleged total and permanent disability continued to work at substantially the same employment and received the same wages he had received prior to the beginning of his disability; that such evidence shows that the injury which the appellee claims (hernia) caused his total and permanent disability within the meaning of the certificate of insurance sued upon was curable by treatment which the appellee declined to receive; that such evidence shows that the appellant did not at any time receive due proof of the appellee's said total and permanent disability and that the appellee did not discharge his burden to prove that he was entitled to recover under the terms and conditions of the certificate and policy of insurance sued upon. These contentions of the appellant attempt to go to the foundation of the appellee's judgment. Each contention requires a careful analysis of the evidence. The general verdict of the jury is a finding against the appellant as to each of his contentions and it is elementary and requires no citation of authority to the proposition that if there is any competent evidence, or if legitimate inferences may be drawn from such evidence, to sustain the verdict, that this court will not disturb it. The appellant does not contend otherwise, but asserts that under the uncontradicted evidence the verdict cannot stand. Due to the fact that we consider the instant case a "border line" case we have with great care read the evidence. There is evidence from which the jury could find that the appellee received a hernia or rupture on one side and a partial rupture on the other side while he was working as a car repairer for the L. & N. Railroad Company, for whom he had worked in that capacity for nine years; that car repair work is heavy, hard work requiring great body strain; that after the injury

he could not work at said business in his usual and customary manner and was prevented from performing a substantial and material part of said duties; that he was beyond the middle years of life, to wit, 55 years of age, at the time of the injury and has no education, at least not enough that he can take up any business, trade or profession; that unless he can work at his trade as car repairer he must either not work at all or find some trivial things of inconsiderable financial return to work at during the rest of his life; that an operation might cure him, but on the other hand might reasonably be expected to result fatally, at least that the chances against his recovery from an operation were greater than the chances for recovery; that the appellant has never offered to give him an operation; that he reported the injury to the appellant by a letter he deposited in the post-office properly addressed to the appellant and properly stamped, to which he received no response; that the injury is painful to some extent all of the time; that if he attempts to do any lifting such as was required in his business as car repairer the pain is great; that he can do nothing requiring him to stand on his feet. There is evidence that some time after the injury he worked a while for his employer in his former capacity as car repairer but that he had to be furnished extra help.

In passing upon a somewhat similar situation in a case involving an insurance contract that provided that the company would pay certain monthly installments provided that the insured, prior to his sixtieth birthday, "has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit" this court said that such a provision in a policy will not be construed to mean that before the insured is entitled to

recover that there must be a showing of utter helplessness; that such a provision must be given a reasonable construction and that under the record in that case it became a question of fact for the court trying the case (the case was tried before the court) to decide whether or not there was a showing of total disability within the meaning of the certificate of insurance. See: *Metropolitan Life Insurance Company* v. *Katherine M. Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690, and the cases cited therein. The question as to what showing is required on the part of the insured to discharge his burden of proving that he has been "totally and permanently disabled to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his lifetime" has been so recently discussed in our state in the decisions of this court that we do not deem it necessary herein to restate in detail the law in reference thereto, but we cite some of such decisions as follows: *Great Northern Casualty Co.* v. *McCullough* (1933), 96 Ind. App. 506, 174 N. E. 103; *Metropolitan Life Insurance Company v. Katherine M. Schneider, supra; American Liability Co.* v. *Bowman* (1917), 65 Ind. App. 109, 114 N. E. 992. See also *John Hancock Mutual Life Insurance Company* v. *Cave* (1931), 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848, and the numerous cases reviewed in the note thereto. Under the law applicable to the instant case as announced in our recent decisions we hold that the verdict in the instant case is sustained by sufficient evidence. Under the holding in the *Metropolitan Life Insurance Company* v. *Schneider, supra,* the amount of the recov- is not too great. The verdict, therefore, must be allowed to stand unless it is contrary to law in the sense that it was improperly affected by an error or errors of law

occurring at the trial and this brings us to a consideration of the errors as to instructions complained of by the appellant.

Complaint as to instructions is first made as to the refusal of the court to give instruction number 1 tendered by the appellant. This was a peremptory instruction at the close of all of the evidence to return a verdict for the appellant. What we have previously said in this opinion disposes of this alleged error. To have given the instruction the court would have invaded the province of the jury and it would have been error. The appellant next urges that there was error in the refusal of the court to give its tendered instruction number 5, which is as follows:

"If you find from a fair preponderance of the evidence that after plaintiff received a certain injury, if you find that he did receive such injury, March 9, 1929, the plaintiff did thereafter continue for a considerable period of time to work for the Louisville and Nashville Railroad Company, and received compensation for such work, then you are instructed that the plaintiff was not by reason of such injury rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime."

Under our decisions this instruction does not correctly state the law. The refusal to give it was not error. See: *American Liability Company* v. *Bowman, supra; Pacific Mutual Life Insurance Company* v. *Branham* (1904), 34 Ind. App. 243, 70 N. E. 174. It is further contended by the appellant that the court erred in giving instruction number 2 tendered by the appellee, the specific objections being based on the argument that the instruction is mandatory in form and omits to instruct the jury that the appellee was required in addition to his other burdens to show due proof of loss given

to the appellant. We do not agree that the instruction is a mandatory and binding instruction, nor do we agree with the other contention, under the evidence, in the case. The evidence was uncontradicted that the appellee gave notice to the appellant of his injury and that the appellant completely ignored the notice. If it desired further and more complete notice and proof of loss it was its duty to require it. There is not a word of denial in the evidence by the appellant that the appellee gave the notice which he said he gave. The jury under the circumstances could not possibly have been misled. If there was error it was harmless. See: *Evansville and Terre Haute Railroad Company* v. *Huffman* (1918), 67 Ind. App. 571, 118 N. E. 151; *Indianapolis Union Ry. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600; *Prudential Ins. Co.* v. *Union Trust Company* (1914), 56 Ind. App. 418, 105 N. E. 505. The giving of each of instructions numbered 4, 6, and 7 tendered by the appellee is also complained of by the appellant in its motion for a new trial. In its propositions, points, and authorities it does not present alleged error as to said number 6. These instructions are not lengthy and we set them out as follows:

"(4) If you find from a preponderance of all the evidence in the case that the plaintiff, while said policy was in full force and effect, became totally and permanently disabled to such an extent as prevented him from doing substantially all the necessary and material things in his occupation as car repairer, requiring his own exertion, in substantially his customary and usual manner, then the Court instructs you that such disability would be total under the terms of said policy, and you would be justified in so finding."

"(6) It is the province of the court, not the jury, to construe the contract of insurance sued upon, and as the same is construed by the court, you are instructed that a permanent disability ren-

dering the plaintiff permanently unable to engage in any kind of occupation or perform any work for any kind of compensation of financial value during the remainder of his life does not necessarily mean a perpetual disability or one which would last forever, but it means and covers a total disability which might end prior to insured's death."

"(7) If you find from the evidence that the plaintiff made a good-faith, though ineffectual, effort to perform the duties of his usual employment during a portion of the time for which compensation is claimed, this fact would not prevent a recovery in this action, if you also find under the evidence and rules of law given you by the court that the plaintiff was, in fact, totally and permanently disabled at this time; that is, the mere fact that the plaintiff made a bona fide and good-faith effort to work when he was not physically able to do so, and while he was totally and permanently disabled, would not bar his recovery."

Standing alone we believe that said instruction number 4 would be erroneous because it does not take into account the fact that the certificate of insurance sued upon required that the insured be so disabled as to render him wholly, continuously and permanently unable to engage in *any occupation or perform any work for any kind of compensation of financial value, etc.* (Our italics.) The instruction mentioned only his work as car repairer but when it is considered as it must be with all the other instructions given in the case, particularly if said instructions numbered 2 and 6 tendered by the appellee and given, be considered, we believe the jury was not misled. Neither was there any evidence to dispute the evidence given by the appellee to the effect that after the injury he was prevented from doing the substantial and material part not only of car repair work but also of any kind of labor requiring lifting and that he could not work without pain while standing and that due to lack of education he was qualified to do physical labor only.

We believe that instruction number 7 above set out correctly states the phase of the law it was intended to embrace. See: *American Liability Company* v. *Bowman, supra.*

After an application of the law of our state as announced in our decisions, to the evidence in the instant case we believe that the judgment should be affirmed.

Judgment affirmed.