THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
*v.* GIRTON.

[No. 15,788. Filed January 26, 1938. Rehearing denied
March 10, 1938.]

*Hickey, Dewey & Nattkemper* and *Mat. J. Murphy,* for appellant.

*Rawley & Stewart, Harvey L. Fisher* and *Edward Knight,* for appellee.

KIME, J.—The appellee by an amended complaint in one paragraph sought a recovery of $100.00 a month on a permanent total disability clause contained in a policy issued by the appellant, and a premium paid while so disabled. The answer was a general denial. There was a trial by jury which returned a verdict in the sum of $2,000.00. Judgment was rendered upon the verdict. Following the overruling of a motion for a new trial this appeal was perfected, the error assigned being the action of the court in overruling said motion. The grounds of the motion discussed in the brief are that the verdict is not sustained by sufficient evidence; is contrary to law; that the assessment of the amount of recovery is too large; and that the court erred in giving four instructions asked by appellee.

From the evidence most favorable to the appellee it appears that the policy was issued February 5, 1926, and that on May 5, 1928, the rider was attached in consideration of the payment of the annual premium of $12.50, which rider provided as follows: "If due proof of total and permanent disability has not been previously furnished and if the Insured shall furnish due

proof that he has been totally disabled, either physically or mentally, from any cause whatsoever, to such an extent that he was rendered wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation of financial value during a period of ninety consecutive days, and if such disability shall occur after the date hereof, while this Policy was in full force and effect and the Insured was less than sixty years of age and before any non-forfeiture provision became operative, such disability shall be presumed to be permanent and the Company will upon receipt of such proof grant the disability benefits provided, subject to all other provisions of said clause including those relating to proof of continuance of disability."

The complaint is based mainly upon this clause and it is from such clause that total disability must be measured. The appellee had worked for the appellant as an agent since June 13, 1927. He became ill and unable to sleep or eat and consulted, during January and February, 1932, four different physicians and quit work completely on June 18, 1932. Following that, in an attempt to ascertain his condition and regain his health, he consulted the medical staffs of the Veterans Hospitals in Indianapolis, Indiana, and Chicago, Illinois, and Mayo Brothers, Rochester, Minnesota. Prior to the actual cessation of employment with the appellant appellee consulted its general agent, who was also designated as general superintendent, and told him of his (appellee's) condition and asked him (general superintendent) for the proper blanks to make proof of loss under his policy. Thereupon the general superintendent gave him blanks for this purpose, following which he had them filled out by a physician and they were given to the superintendent, who told the appellee that he would forward them to the company. Following

this the company received such proofs and directed the appellee to report to a physician for an examination and directed the physician to examine the appellee *"under his claim."*

The appellant contends that the appellee was not totally disabled to such an extent that·he was "rendered wholly and continuously unable to engage in any occupation or to perform any work for any kind of compensation." Total disability has been construed so often recently by our courts that all persons have come to understand that one is totally disabled if it is impossible for him to do work without hazarding his health or risking his life. *Prudential Ins. Co.* v. *Citizens T. & S. Bank, Gdn.* (1936), 101 Ind. App. 168, 198 N. E. 116; *Prudential Insurance. Co.* v. *Martin* (1936), 101 Ind. App. 320, 196 N. E. 125; *Aetna Life Ins: Co.* v. *Huffstetter* (1936), 101 Ind. App. 355, 195 N. E. 598; *New England Mut. L. Ins. Co.* v. *Durre* (1936), 101 Ind. App. 467, 199 N. E. 868; *Provident L. and A. Ins. Co.* v. *Fodder* (1935), 99 Ind. App. 556, 193 N. E. 698; *Metropolitan L. Ins. Co.* v. *Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690; *Rezendes* v. *Prudential Ins. Co.* (1934), 285 Mass. 505, 189 N. E. 826.

In this latter case the same clause as herein in question is construed. The question of whether insured is totally disabled is a question of fact for the jury and if there is any evidence to sustain the finding of the jury this court will not disturb such finding. See cases above.

The appellant also contends that due proof of total and permanent disability has not been made and that due proof should be a verified showing as to the existing condition and asks us to adopt a different rule than has been heretofore adopted. The question of whether proof as provided in the policy has

been furnished is a question of fact for the jury and since they found that such proof was made and there is ample evidence to sustain it, the verdict of the jury must stand. *Illinois Bankers Life Assn.* v. *Armstrong* (1935), 100 Ind. App. 696, 709, 192 N. E. 901.

Under the ground of the motion for new trial that the assessment of the amount of recovery is too large it appears there is ample evidence to sustain the jury in awarding that sum. The jury seems to have determined the length of the disability to be seventeen months. The appellee had paid a premium while totally disabled which he was entitled to recover and he was also entitled to interest on the payments erroneously withheld for an unreasonable time. This all approximates $2,000.00 so closely that there is no error in the amount of the recovery.

Appellant complains of instruction numbered 1 requested by the appellee and given by the court, which instruction defines the term "wholly and continuously unable to engage in any occupation or perform any work for any kind of compensation or financial value." This instruction clearly follows the law as announced in the cases *supra* and the court did not commit error in giving it.

Appellant contends that instruction numbered 2 asked by the appellee and given by the court is erroneous because it is a mandatory instruction and did not cover all of the elements of the case. Our interpretation of this instruction is that it is not mandatory and as given, when construed with the other instructions, was not erroneous.

The appellant contends that instruction numbered 3 asked by the appellee and given was erroneous, as the court used the words "wholly and permanently disabled as defined by these instructions." What we have said above with reference to the first instruction dis-

poses of appellant's contention here, especially in view of the cases cited above. There was no error in the giving of this instruction.

Instruction numbered 4 asked by the appellee and given by the court told the jury that if they found that the appellee was entitled to a recovery and that there had been long and unreasonable delay in the payment of the sums due, the appellee would be entitled to recover interest at the rate of six per cent from the time said sums became due. There is evidence that there was long and unreasonable delay and consequently the calculation included interest and the award was not erroneous.

Finding no reversible error, the judgment of the Putnam Circuit Court is in all things affirmed and it is so ordered.