NEW YORK LIFE INSURANCE COMPANY v. HUBBELL.

[No. 16,736. Filed March 23, 1942. Rehearing denied May 8, 1942. Transfer denied June 9, 1942.]

632

*Gavin & Gavin,* of Indianapolis, and *Louis H. Cooke,* of New York City, for appellant.

*Bossert & Bossert,* of Libertyville, and *Clarence S. Roots,* of Connersville, for appellee.

CURTIS, J.—This was an action by the appellee against the appellant to recover disability benefits on a policy of insurance issued by the appellant to the appellee, and to require the appellant to waive certain premiums on said policy, and to reinstate the policy which had been by the appellant lapsed for alleged failure to pay premiums, and to recover a premium due September 27, 1932, of $70.25 which had been paid by the appellee.

To the appellee's complaint the appellant filed its answer in five paragraphs, the first being a general denial, and the other four paragraphs being affirmative in nature alleging failure of the appellee to submit to the appellant due proof of total and permanent disability in accordance with the terms of the policy; that the policy had lapsed for failure to pay premiums, and that extended insurance had been granted in accordance with the policy, which was alleged to be the only right the appellee had under said policy. To the second, third, fourth and fifth paragraphs of answer the appellee replied in general denial. Thereafter, on August 17, 1939, after the submission and trial, the appellee over the objection of the appellant filed a second paragraph of reply to said second, third, fourth and fifth para-

graphs of appellant's answer, alleging waiver of due proof. To this second paragraph of reply the appellant filed its demurrer which demurrer was overruled with an exception to the appellant.

The cause was submitted to the court for trial without the intervention of a jury. Upon the appellant's request, the trial court made a special finding of facts and stated its conclusions of law thereon. The court stated eight conclusions of law, each of which was favorable to the appellee, to each of which the appellant excepted. The judgment followed the conclusions of law. It is from that judgment that this appeal has been prosecuted.

The errors relied upon for reversal are alleged errors as to each of said eight conclusions of law, and in addition we quote the 9th, 10th and 11th specifications of error, as follows:

"9. The court erred in entering its judgment upon its conclusions of law.

"10. The court erred in overruling the motion of the appellant for a new trial.

"11. The court erred in overruling each paragraph of defendant's demurrer to Plaintiff's Second Paragraph of Reply."

The motion for new trial contains 28 causes or grounds, the first 15 of which in effect are that the decision (finding) of the court is not sustained by sufficient evidence and is contrary to law. The 16th cause is that there is error in the assessment of the amount of recovery in that the said amount is too large. The 17th cause is alleged error of the trial court in permitting the appellee, after submission and trial, to file the said second paragraph of reply heretofore mentioned to the second, third, fourth and fifth paragraphs of appellant's answer. The remaining causes or grounds of the

motion are addressed to alleged errors in the rulings as to evidence.

The conclusions of law have been partly summarized by the appellant as follows:

"1.   That plaintiff was totally and permanently disabled within the meaning of the policy.

"2.   That plaintiff should pay to defendant $67.73 premium due Sept. 27, 1933.

"3.   That defendant should waive the premium due Sept. 27, 1934, and other premiums thereafter during the continuance of plaintiff's total and permanent disability.

"4.   That plaintiff should recover the aggregate amount of the monthly income payments on account of plaintiff's total and permanent disability to and including January 1, 1938, in the sum of $1,275.00 and $25.00 each month beginning February 1, 1938.

"5.   That defendant reinstate said policy.

"6.   That plaintiff recover $53.42 on account of premium note."

In addition to the above, there is conclusion of law number 1 to the effect that the law is with the plaintiff, and conclusion of law number 8 to the effect that the plaintiff recover from the defendant the costs.

At the outset, we should say that we have examined the rulings on the evidence complained of by the appellant, and while it may be said that some latitude was allowed in the introduction of evidence, yet we find nothing in the court's rulings in reference thereto that injuriously affected the rights of the appellant. The main questions for determination by the trial court were neither numerous nor difficult. They revolve mainly around the questions first as to whether or not the appellee was totally and permanently disabled within the meaning of the policy, and whether or not such due proof as was not waived by the appellant was made by the appellee in accordance with the policy. The policy provides among other things as follows:

"Disability shall be considered total whenever the insured is so disabled by bodily injury or disease, that he is wholly prevented from performing any work following any occupation, or from engaging in any business for remuneration or profit.

"Upon receipt at the Company's Home Office, before default in the payment of premium, of due proof that the insured is totally disabled as above defined and will be continuously so disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of such proof has been, totally disabled as above defined, the following benefits will be granted:" (Here follows a schedule of benefits.)

It is the appellant's contention that the appellee was not totally and permanently disabled as provided in the policy, and secondly that the appellee failed to make due proof of his disability before default in the payment of the premium, and that such due proof is a condition precedent to recovery. The appellee contends first that due proof was furnished by the appellee to the company, and secondly that the requirement of the policy for the furnishing of due proof before default in the payment of premium was waived by the company. The appellee in support of its position says that when the appellant received the claim which was submitted by the appellee and knew at the time that the premium which became due September 27, 1933, had not been paid, and thereafter denied liability on the sole ground that the appellee was not totally disabled at the time when his claim was submitted and demanded additional proof from the appellee and demanded additional proof from the appellee's attending physician, which demand was complied with by the attending physician, and the appellant required the appellee to

submit to a physical examination all as shown by findings Nos. 28 to 35 inclusive, the appellant thereby waived any defense based on the ground that the policy had lapsed and any defense based on the ground that the appellee's proof had not been submitted before default in the payment of premium. We have read carefully the court's findings Nos. 28 to 35 inclusive, and the facts found fully support the appellee's contention. The facts found by the court set forth letters and correspondence between the parties directly bearing upon the matter of furnishing proof and the request of the appellant that such proof be furnished.

On the question of disability of the appellee, we quote the court's finding No. 23, as follows:

> "During the period from plaintiff's stroke on July 13th, 1932 continuously to and including the trial hereof on January 20th and 21st, 1938, as a result of such stroke and the complications arising therefrom, the plaintiff herein has been totally and permanently disabled within the meaning of such expression as defined in the policy of insurance set forth in Finding No. 1 herein."

This finding of the trial court is amply supported by the evidence.

In finding No. 25, the court finds that in support of appellee's application for disability benefits, his attending physician under date of October 11, 1933, transmitted his report to the home office of the appellant in which he set forth the complete inability of the appellee to perform any duties from July 13, 1932, until May 13, 1933, and his inability to perform anything but a few light duties thereafter. The trial court in finding No. 26 found that the home office of the appellant refused favorable consideration of the application and proof of the appellee and addressed a letter to the appellee from which we quote as follows:

"Inasmuch as the insured, at the time of filing claim, was not wholly disabled, it is apparent that the company can not presume disability to be permanent and under the terms of the policy, therefore, cannot favorably consider claim."

Finding No. 27 is to the effect that the appellee objected to the rejection set forth above, and under date of November 13, 1933, the appellant instructed him to report to a Dr. McWilliams at Liberty, Indiana, for examination, and that the appellee complied with such instruction. All of these findings of the court are amply supported in the evidence.

In order to be totally and permanently disabled within the meaning of the policy in question, it was not necessary that the appellee be in a condition of utter helplessness, and the fact that he attempted to work, when because of his impaired health he should not have done so, will not support a conclusion that the appellee was not totally and permanently disabled within the meaning of the policy. The question as to the existence of such disability was, under the evidence, a question of fact for determination by the trial court. See *Metropolitan Life Insurance Co.* v. *Heavener* (1940), 107 Ind. App. 695, 24 N. E. (2d) 813; *Aetna Life Insurance Co.* v. *Huffstetter* (1936), 101 Ind. App. 355, 195 N. E. 598; *Prudential Insurance Co.* v. *Martin* (1936), 101 Ind. App. 320, 196 N. E. 125; *Metropolitan Life Ins. Co.* v. *Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690.

We now quote the trial court's finding No. 34, as follows:

"The Home Office of the defendant upon six different occasions in its letters which appear heretofore in Findings Nos. 26, 28, 29, 31, 32, 33, refused favorable consideration of such plaintiff's application for disability benefits under the insur-

ance policy in suit upon the sole ground that plaintiff's total disability terminated May 13th, 1933; that therefore he was not wholly disabled at the time of filing claim, and not being so, the prior total disability cannot be presumed to be permanent. No other ground has ever been assigned by such defendant prior to the filing of its affirmative paragraphs of answer in this cause. Hence, such defendant by such letters waived any and all defenses other than the single one assigned, and by such letters more specifically waived reliance upon such plaintiff's failure to file his application for disability benefits until after the annual premium on the policy in suit became due and remained unpaid on September 27th, 1933, and likewise by such letters more specifically waived reliance upon such plaintiff's failure to make payment of such annual premium due September 27th, 1933."

We think the evidence fully supports this finding.

Moreover, it is also our opinion that there is competent evidence to sustain the court's conclusion as to due proof irrespective of the question as to whether or not the appellant waived due proof.

We do not believe that the court erred in permitting the appellee to file his said second paragraph of reply to the second, third, fourth and fifth paragraphs of appellant's answer after the case had been submitted and the evidence heard, and the case taken under advisement by the court. This reply alleged waiver of the defenses mentioned in said affirmative paragraphs of answer of the appellant. Proof of waiver would have been admissible under the allegations of performance contained in the appellee's complaint even if the reply in question had not been filed. The appellant was not harmed, therefore, by the action of the court in allowing the reply to be filed. See *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305; *Abraham Lincoln Life Ins. Co.* v. *Moore, Admr.* (1936), 102 Ind. App. 412, 2 N. E. (2d) 223;

*National Life & Accident Ins. Co.* v. *Riley* (1942), 110 Ind. App. 226, 38 N. E. (2d) 855. It necessarily follows that the action of the court in overruling the demurrer to this second paragraph of reply was not erroneous.

We have found no error in the conclusions of law. The judgment followed the conclusions of law and of course there was no error in rendering it. In our opinion, the motion for a new trial was correctly overruled.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 40 N. E. (2d) 352.